## COLUMBUS SHOW CASE COMPANY v. BRINSON.

1. An amendment to an answer, filed after the time for answer has expired, and setting forth new facts or a new defense, which were not disclosed by the original answer, is not sufficiently verified when the affidavit thereto merely sets forth that the amendment "is offered in good faith and not for the purpose of delay." The affidavit should also contain a statement that the new facts or defense set out in the amendment were not omitted from the original answer for the purpose of delay.

2. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

Argued May 21,—Decided June 14, 1907.

Complaint.    Before Judge Little.    Muscogee superior court. April 21, 1906.

Brinson brought suit against the Columbus Show Case Company upon an account. The bill of particulars attached to the petition is as follows:

1905. Feby. 4. To 52871 ft. oak boards, at $18.00 per m., $951.67. Feby. 6. By Cash cr., $250.00. Balance due, $701.67.

The defendant filed an answer denying all liability. At the trial the defendant filed an amendment to its answer, alleging that the defendant had forwarded to the plaintiff a check covering the balance due, payable to the plaintiff, or Norris, agent, and the plaintiff had retained the check, notwithstanding it was stated in the face thereof that the same was in full payment of the account for lumber, which action on the part of the plaintiff the defendant alleges was an acquiescence in the settlement thus made; and also alleging that the lumber bought was to be of a given quality, and that the lumber delivered was not of this quality, and that the defendant should not be held liable for a greater amount than the actual value of the lumber received. Attached to the amendment to the answer was the affidavit of the president of the de-

fendant company, in which it is stated "that the foregoing pleas are offered in good faith and not for the purpose of delay." Upon an oral motion the amendment to the answer was stricken. The defendant excepted pendente lite. The case proceeded to trial and resulted in a verdict in favor of the plaintiff for the full amount sued for. The defendant made a motion for a new trial, which was overruled, and the defendant excepted.

*Charlton E. Battle,* for plaintiff in error.

*J. H. Martin* and *A. W. Cozart,* contra.

COBB, P. J.   (After stating the facts.)

1. The record does not disclose upon what ground the judge based his judgment striking, the amended answer; the exceptions pendente lite merely reciting that the defendant filed certain pleas as amendments to its answer, and that "plaintiff orally demurred thereto, which demurrer the court sustained." If, therefore, there is any legally sufficient reason upon which to base the judgment striking the amendment, that judgment will not be reversed. The act of 1897, providing the manner in which an amendment to an answer shall be verified when the amendment is offered after the time for answer has expired, and new facts are set up therein of which notice was not given by the original plea or answer, requires that the defendant shall swear that he did not omit the new facts or defense set out in the amended plea or answer from the original answer for the purpose of delay, and that the amendment is not offered for delay. Acts of 1897, p. 35; Van Epps' Code Supp. § 6199. It is at once apparent that the amendments to the answer were not verified in accordance with the statute. The affidavit thereto set forth that the amendment was not offered for the purpose of delay, but failed to allege that the new facts or defense set up in the amendment were not omitted from the original answer for the purpose of delay. This was, without reference to the subject-matter of the amendment, a sufficient reason for striking the same.

2. The controlling issue in the case was whether Norris, who made the contract for the purchase of the lumber from the plaintiff, was the agent of the defendant. It was insisted by the plaintiff that he was such agent; and this was stoutly denied by the defendant. The court admitted in evidence two letters from the defendant to Norris, one of them, dated January 12, 1905, relat-

ing to lumber which was being purchased by the defendant from Kilpatrick; and the attention of Norris is called to the fact that the lumber is inferior and that he should have noticed this at the time. The letter also refers to the fact that Norris is to see Brinson, the plaintiff, and calls the attention of Norris to the fact that the lumber formerly bought from Brinson was not satisfactory, and unless Brinson would allow Norris to select the lumber at $18, and pick out first-class stuff, the defendant did not wish to buy. The letter contained the statement that as soon as Norris could get all of the lumber in the territory he was operating in, that was suitable, the defendant desired him to go over to another place and call on a named person who had written that he had a car of good. dry oak. The letter concluded with the following language: " What we want and must have is dry oak, and do not want anything else, and if you can not get dry 1″ oak boards come home at once. Be sure you go to Troy and see what you can get there." The second letter, which was dated February 6, 1905, simply directed Norris to come in as soon as he could get the lumber loaded. The purpose for which these letters were offered was to show that Norris was the agent of the defendant to buy lumber. The objection urged to their admission was that if they disclosed that Norris was the agent of the defendant, it was a special agency, and the letter was not known by or disclosed to the plaintiff, before or at the time of the alleged purchase, and that the plaintiff had not shown that he acted upon the letter, or had knowledge thereof.

The letters were certainly admissible, to be considered by the jury in determining the issue of agency or no agency. If they established any agency at all, it was a general agency to buy lumber. "A general agent is one who is authorized to do all acts connected with a particular trade, business, or employment. A special agent is one who is authorized to do one or more specific acts in pursuance of particular instructions, or within restrictions necessarily implied from the act to be done. In short, the former imports not an unqualified authority, but an authority which is derived from a multitude of instances, whereas the latter is confined to an individual instance." 1 Am. & Eng. Enc. of Law (2d ed.), 985; *Jesse French Piano Co.* v. *Cardwell*, 114 *Ga.* 340, and cit. In Butler *v.* Maples, 76 U. S. 773, Mr. Justice Strong says: "The distinction between a general and a special agency is in

most cases a plain one. The purpose of the latter is a single trans-action, or a transaction with designated persons. It does not leave to the agent any discretion as to the persons with whom he may contract for the principal, if he be empowered to make more than one contract. Authority to buy for a principal a single article of merchandise by one contract, or to buy several articles from a person named, is a special agency, but authority to make purchases from any persons with whom the agent may choose to deal, or to make an indefinite number of purchases, is a general agency. And it is not the less a general agency because it does not extend over the whole business of the principal. A man may have many general agents—one to buy cotton, another to buy wheat, and another to buy horses. So he may have a general agent to buy cotton in one neighborhood, and another general agent to buy cotton in another neighborhood. The distinction between the two kinds of agencies is that the one is created by power given to do acts of a class, and the other by power given to do individual acts only." There was no error in admitting the letters in evidence.

Error is also assigned upon several extracts from the charge, the complaint in such assignments being that the judge did not submit to the jury the question whether the agency was general or special, and that he did not charge as to what constituted a special agency, and that the charge in effect instructed the jury that a special agency could be raised by implication. The evidence introduced in behalf of the plaintiff authorized a finding that Norris was the general agent of the defendant for the purchase of lumber. The evidence in behalf of the defendant authorized a finding that he was no agent at all. In no view of the case was the law of special agency involved. Hence there was nothing in the charges complained of which was prejudicial to the defendant. There was no error in admitting the evidence of the witness Walden, as to the statement to him by Norris that he was the defendant's agent, the evidence having been admitted, as shown by the note of the judge to the motion for a new trial, simply for the purpose of impeachment. There was no error in refusing to admit the letter from the defendant to Norris for the purpose of showing that Norris was not the agent of the defendant. This was merely a declaration by the defendant in its own favor. The evidence was conflicting, but there was ample evidence to authorize the ver-

dict, and we will not control the discretion of the trial judge in refusing to grant a new trial.

<em>Judgment affirmed. All the Justices concur.</em>