### 15110.  RICHARDSON *v.* DuPREE *et al.*

LUKE, J.  1. The affidavit which section 5640 of the Civil Code (1910) requires to be annexed by the defendant to an amendment to his plea or answer when offered after the time allowed for answer has expired must aver (1) "that at the time of filing the original plea or answer he did not omit the new facts or defense set out in the amended plea or answer for the purpose of delay," and (2) "that the amendment is not now offered for delay." *Columbus Showcase Co.* v. *Brinson*, 128 *Ga.* 487 (1) (57 S. E. 871); *Gross* v. *Whitely*, 128 *Ga.* 79 (2) (57 S. E. 94); *Beacham* v. *Wrightsville & T. R. Co.*, 125 *Ga.* 362 (2) (54 S. E. 157).

(a) Where, as in this case, the affidavit avers merely that "this amendment is not offered for the purpose of delay," without averring that such new matter is not omitted from the original plea or answer for the purpose of delay, and especially where the defendant is present at the trial, there is no abuse of discretion in disallowing the amendment, even if it be otherwise good. *Bass Dry Goods Co.* v. *Granite City Mfg. Co.*, 119 *Ga.* 124 (4) (45 S. E. 980); *Benson* v. *Marietta Fertilizer Co.*, 139 *Ga.* 691 (1) (77 S. E. 1125).

2. Conceding (but not deciding) that the court erroneously ruled that the subpœna duces tecum, which issued at the instance of the defendant, was lacking in the definiteness required by law, the error was rendered harmless when the required evidence, in so far as it was shown to have

ever been in the possession or control of the witness, was otherwise made available to the defendant at the trial and was actually introduced in evidence by him.

3. The suit was upon a written contract, to recover commissions for negotiating the purchase and sale of certain real estate. The contract stipulated all the terms and conditions of the sale as between the owners and the prospective purchaser, and further stipulated that, in the event the title was found satisfactory and the contemplated sale was consummated, then the purchaser would pay the brokers a sum stated as their commission. The contract was signed by the sellers, the brokers, and the purchaser, and expressly designated the brokers as the agents of the sellers. It appeared, without controversy, that the sale was consummated, and that the contract was fully executed as between the sellers and the purchaser; and this suit was brought by the brokers alone against the purchaser alone, upon that clause of the contract wherein he stipulated to pay their commission. *Held:* Under these facts, the court did not err in charging the jury that "the contract, so far as it refers to these plaintiffs, is a separate contract from the contract of purchase itself."

4. Where dual agency on the part of a broker is relied on to defeat his claim for commissions, the defendant must prove, not only the fact of such dual agency, but also that it was not known to both parties. *Winer* v. *Flournoy Realty Co.*, 27 *Ga. App.* 87 (3) (107 S. E. 398), and citations.

(a) Where landowners entered into a contract of sale with a prospective purchaser, conditioned upon furnishing satisfactory title, designating a certain firm of brokers as the owners' agent, and stipulating that, in the event the sale was consummated, the purchaser would pay such brokers' commission, the mere fact that the purchaser undertook to pay such commission did not of itself alone create the relation of principal and agent between the purchaser and the brokers. Civil Code (1910), §§ 3569, 3574.

(b) In no view of the case did the defendant establish his defense based on dual agency.

5. The defendant pleaded that the contract described above was vitiated by the fraud of the plaintiffs, (1) in knowingly misrepresenting the price at which the owners were willing to sell the property in question, and (2) in falsely representing that the owners would not allow the plaintiffs' commission out of that price, thereby inducing the defendant to purchase the property at the greater price so named by the plaintiffs, and to agree to pay them a stated sum as commission. The sufficiency of that plea, not being brought into question by demurrer, will not be decided. The evidence thereon was in sharp conflict, and the finding of the jury was in favor of the plaintiffs. The defendant, however, assigns error upon several excerpts from the charge of the court relating to that plea. *Held:*

(a) The excerpts complained of are not subject to the criticisms urged against them.

(b) Even if such instructions were erroneous, they would afford no cause for a new trial, because it appears, without contradiction, that, before

the contract of sale was consummated, the defendant was correctly informed by the owners of the property with reference to the facts claimed to have been fraudulently misrepresented to him; that he nevertheless continued to deal with the plaintiffs as before, until the contract of sale was consummated; and that, in such subsequent dealings, a stipulation in the contract whereby the defendant was to pay all taxes on the property for the then-current year was, by agreement of all parties at interest, so changed that one third of such taxes was payable by the defendant, one third by the owners, and the other third by the plaintiffs. "If a party to a contract seeks to avoid it on the ground of fraud or mistake, he must, upon the discovery of the facts, at once announce his purpose and adhere to it." *Hunt* v. *Hardwick*, 68 *Ga.* 100 (3 *a*).

6. The special grounds of the motion for new trial, not covered by the foregoing rulings, are without substantial merit. The evidence authorized the verdict complained of, and, the verdict having the approval of the trial court, it will not be disturbed by this court.

Judgment affirmed. *Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 6, 1924. REHEARING DENIED APRIL 15, 1924.

Action for breach of contract; from city court of Atlanta— Judge Reid. October 6, 1923.

Application for certiorari was denied by the Supreme Court.

*Alston, Alston, Foster & Moise,* for plaintiff in error.

*Colquitt & Conyers,* contra.