ELLISON *et al.,* executors, *v.* FRANKLIN *et al.*

No. 10717.   September 16, 1935.   Rehearing denied October 1, 1935.

*Butler, McCollister & Thompson,* for plaintiffs.

*Poole & Fraser, Horace & Frank Holden, David S. Block,* and *Ben Hill Clifton,* for defendants.

BECK, Presiding Justice.  Herman T. and Walter K. Ellison, as executors of J. A. Ellison, brought suit against R. M. Reynolds, John L. Franklin, and others, for equitable foreclosure and reformation of a security deed.  Trial of the case resulted in a verdict and judgment for the plaintiffs as prayed, except that Franklin, the payee and indorser of the note, was relieved from personal liability, he having pleaded that his indorsement was limited to the purpose only of transferring to Ellison, the purchaser, the legal title of the note and the security deed.  Ellison's motion for new trial was overruled, and he excepted.

■ The evidence demanded findings as follows: (a) M. L. Thrower held in his possession a sum of money belonging to J. A. Ellison, of Hurtsboro, Ala., and subject to the order of Ellison. (b) At or about the same time, Thrower was requested by Franklin to assist him in the sale of the above-mentioned note and security deed then owned and held by Franklin, Reynolds being the maker. (c) Thrower had held Ellison's money for about two weeks with instructions from Ellison to place it on "some good mortgage property."  Thrower considered Franklin's note and deed "all right," and so informed Ellison, who authorized Thrower to make the loan to Franklin.  (d) Thrower took a transfer of the note and the loan deed, the note being indorsed in blank and the deed being assigned in due form in the following words: "For value received, I, John L. Franklin, of the County of Fulton, State of Georgia, do hereby transfer and assign to J. A. Ellison, of Hurtsboro, Ala., all my rights, title, and interest in deed and notes to secure debt from R. M. Reynolds to John L. Franklin, same filed for record in the clerk's office, superior court Fulton County, Georgia, . . recorded in deed book 1115, folio 432, October 7, 1927."  (e) Ellison did not have actual notice of Franklin's intention to limit his liability, and was not present at any time during the negotiations and conversations between Thrower and Franklin.  (f) Thrower was the agent of both Ellison and Franklin for a special purpose, receiving instructions from each principal separately as to his duties to each.

■ Thrower was a special agent of Ellison. As such, under the law and the evidence, it was beyond the scope of his authority to make the loan to Franklin on the limited liability, and the verdict' to the contrary must be set aside. Code of 1933, § 4-302; *Foster* v. *Jones,* 78 *Ga.* 150, 156 (1 S. E. 275) ; *Columbus Show-Case Co.* v. *Brinson,* 128 *Ga.* 487, 489 (57 S. E. 871).

■ The burden was on Franklin to prove his plea that his assignment was limited to a transfer of title and expressly relieved him from further liability. This the evidence failed to show. It was not sufficient that the special agent so understood, without proving further that the principal had notice and authorized the limitation or was estopped to deny it.

■ The court erred in refusing a new trial.

*Judgment reversed. All the Juslices concur.*