ROBERTS, administrator, *v.* FRANKLIN *et al.*

No. 11305. NOVEMBER 11, 1936. REHEARING DENIED DECEMBER 15, 1936.

*Durwood T. Pye* and *Butler, McCollister & Thompson,* for plaintiff.

*Poole & Fraser, Frank Holden,* and *David S. Block,* for defendants. ·

RUSSELL, Chief Justice. 1. Upon former review of this case (*Ellison* v. *Franklin,* 181 *Ga.* 205, 181 S. E. 583), it was clear from the testimony of at least one of the witnesses that the facts · evidenced a case of special agency for Ellison on the part of Thrower. In this record, from the testimony of the same witness, it is plain that Thrower was a general agent of Ellison, the plaintiff's intestate. The jury returned a verdict in favor of Franklin et al.

2. The only issue submitted to the jury was whether the defendant Franklin was liable as an indorser of certain notes executed by R. N. Reynolds in Franklin's favor, secured by a deed from Reynolds to Franklin, conveying a house and lot in Atlanta, and evidencing a loan from Franklin to Reynolds. These notes were transferred to Ellison, of Hurtsboro, Alabama, more than a year after the loan from Franklin to Reynolds. No loan was made to Franklin by the plaintiff's intestate, Ellison. So the single question is whether Franklin by indorsing the notes in blank became legally liable as an indorser, which he is presumed to be, or whether the jury was authorized to find from the evidence that there was no lending, but a straight out purchase of the · papers, and that Thrower was a general agent of the decedent, Ellison, for a considerable length of time before and after the transaction under review, with full authority to use his own discretion and judgment in the purchase of what Thrower considered to be good and well-secured paper. We think the evidence was sufficient to authorize the finding of the jury that Thrower "was the general agent of . . Ellison for loaning money and that . . Franklin entered his name on said note for the purpose of passing title only to . . Ellison, and not as indorser, and that he is not personally liable on said note."

3. We have examined the other assignments of error on the charge of the court to the jury and omissions to charge. They are all without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

On motion for rehearing, Atkinson and Gilbert, JJ., dissent from the judgment of affirmance.