## 32509. FULLER *v.* STILL.

DECIDED JULY 13, 1949. REHEARING DENIED JULY 29, 1949.

*J. Connie Covington, John Yancey,* for plaintiff.
*Yantis Mitchell, J. E. B. Stewart,* for defendant.

GARDNER, J. 1. This action was brought under the provisions

of the act of Congress known as the Housing and Rent Act of 1947 (Pub. L. 129, 80th Congress). The administrative machinery set up to handle a decrease in rent under this act must originate by the Expediter (through Area Rent Director), on his own initiative or on application of the tenant, decreasing the maximum rent as provided in Section 5 (c), of the regulation. When such decrease is ordered, the landlord may, within a given time, appeal such order of the Area Rent Director to the Housing Expediter. And thus the administrative phase of the machinery ends. Then the order and/or orders may be thrown into the courts for determination, but the judicial determination is in no way restricted by the orders of the administrative machinery as set up by the legislative act of Congress. And such order and/or orders of such administrative officers are not binding upon the courts. See Bowles v. Griffin, 151 Fed. 2d, 458. The case is properly before this court for review.

In support of the contention that the nonsuit should not have been granted, counsel for the tenant cite *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280). In that case, as in *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d, 17), the Supreme Court set out certain principles involved in the granting of nonsuits. The facts in those cases are in no way related to the facts in the present case, nor is there anything in either of the cases cited which would induce us to see fit to construe the principles therein enunciated so as to make it mandatory to declare a nonsuit in the instant case inappropriate. Code § 110-310 reads as follows: "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted. A judgment of nonsuit shall not bar a subsequent action for the same cause brought in due time." And this is a correct principle of law, not misapplied in the instant case, in our opinion. In *Vickers* v. *A. & W. P. R. Co.,* 64 *Ga.* 306, cited by distinguished counsel for the tenant, the Supreme Court said that the mechanical treatment of a nonsuit should be used only in a clear, gross case, that a nonsuit is a process of legal mechanics whereby a case may be chopped off, and that it should be resorted to only where there is no

doubt; but in that case the Supreme Court goes on to say, "The present case is not quite a case for nonsuit, although its neighborhood to that class seems very near," thus indicating that even in the case relied upon by counsel in the present case, the Supreme Court deemed the *Vickers* case a nonsuit borderline case. And through this process of reasoning we here decline to base a reversal on that authority, due to the variance in facts there and here. The facts in *Moore* v. *Central of Ga. Ry. Co.*, 1 *Ga. App.* 514 (58 S. E. 63), are so different from those of the instant case that we do not consider it binding, and for the further reason that the decision in that case does not set up a hard and fast rule, but rather leaves the nonsuit matter to be based on the facts of the individual cases, depending upon whether or not the plaintiff might have anything which it would be to his advantage to submit to a jury. In the instant case, we think that a nonsuit was legal justice; and, taking the view most favorable to the plaintiff (*Lamb* v. *Fedderwitz*, 71 *Ga. App.* 249, 255, 30 S. E. 2d, 436), was effectual and just legal mechanics. There is no merit in the contention that the court erred in granting a nonsuit and in dismissing the case at bar.

2. (a) As to the power of the courts over a judgment on demurrer after the end of the term at which such judgment is rendered, we interpret the decision in *East Tenn., Va. & Ga. Ry. Co.* v. *Green*, 95 *Ga.* 35 (22 S. E. 36), to mean that the case was finally adjudicated in every respect during a term of court, but that at a subsequent term a motion to reinstate was instigated. That is not our interpretation of the facts in the case at bar. In this case the final adjudication had not been made, but the case was finally brought to trial on February 10, 1949, and in the meantime the whole matter was in the breast of the trial court. And in *Walker* v. *Central of Ga. Ry. Co.*, 47 *Ga. App.* 240 (4) (170 S. E. 258), cited by counsel for the tenant, the court liberalizes the point here made in the following language: "The right to amend is very broad and the practice of allowing amendments is very liberal, and an amendment germane to the original cause of action should be allowed, although made after the conclusion of the evidence and pending the consideration of a motion to nonsuit." The cases of *Sewell* v. *Anderson*, 197 *Ga.* 623 (30 S. E. 2d, 102), and *Davis* v. *W. P. Brown & Sons Lum-*

*ber Co.,* 198 *Ga.* 486 (32 S. E. 2d, 253), show no reason for reversing the decision of the trial judge in respect to nonsuit.

(b) Opinions of this court and of the Supreme Court in regard to Emergency Price Control do not apply to cases brought under the Housing and Rent Act of 1947. However, brought over and inherited by the Housing and Rent Act of 1947, were many provisions contained in the Emergency Price Control Act of 1942 and as amended from time to time, such provisions being specially set out in the Housing and Rent Act. As to "first-rent" under the Housing and Rent Act of 1947, the petition alleges that the premises were first rented to the tenant here concerned as of July 15, 1947, the apartment consisting of two partially furnished rooms. The rental was actually set, on this basis, by the Housing Expediter. Under the Housing and Rent Act of 1947, in the absence of evidence to the contrary, this was the first time the accommodations had been rented on this basis, and therefore this constituted a "first-rental" within the meaning of the Housing and Rent Act of 1947. There is nothing, in this record, to show whether or not the landlord registered these "first-rent" accommodations with the Area Rent Director, in accordance with provisions contained in the act of 1947, Section 4 (c), except in the order of the Housing Expediter. Conceding but not deciding that the landlord did fail to register the "first-rent" accommodations with the Rent Area Director, this would only subject her to a reduction in rent, retroactively, to the date of the first renting under this situation; but in no event could any order in regard to rental of any accommodations be made retroactive behind July 1, 1947, the effective date of the Housing and Rent Act of 1947.

The trial court did not err, under the record of this case, in granting the judgment of nonsuit and in dismissing the case. Nor did the court err in denying the tenant's motion to set aside the judgment of nonsuit and to reinstate the case.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*