33169. MITCHAM *v.* PATTERSON.

DECIDED SEPTEMBER 19, 1950. REHEARING DENIED OCTOBER 19, 1950.

*L. D. Burns Jr.*, for plaintiff in error.
*Marshall L. Allison, J. Connie Covington*, contra.

GARDNER, J. This is an action brought under Federal legislation for the regulation of housing accommodations and rentals by a tenant against his landlord, in which it is claimed that the landlord is liable in treble damages plus attorney's fees for excess rents charged and received from the tenant during the period from September 5, 1949 to November 19, 1949. It is a purely statutory action. Legislation of this kind will be dealt with by our courts as purely remedial laws, having for their object the promotion of justice and presumably having been enacted in furtherance thereof. Actions arising simply to punish for alleged violations of such statutes, or of regulations adopted pursuant thereto and to aid in the enforcement thereof, will be given a narrow and rigidly strict construction by the courts, and where they do not comply therewith they will be dismissed upon proper action or demurrer assailing them. On demurrer, where the allegations of a petition, brought by a tenant against his landlord to recover damages and attorney's fees for an alleged violation by the landlord of such legislation, that is, for charging and collecting rentals for a housing accommodation in excess of the maximum rent for such accommodations, are attacked, the same will be construed most strongly against the plaintiff and this court will not give such allegations a liberal and free construction with the idea of sustaining the cause of action sought to be pleaded. The plaintiff (tenant) will be held to a strict conformity with the laws giving birth to such statutory action.

It appears from the petition, as amended, that the first rent charged by the defendant and paid by the plaintiff for the housing accommodations referred to, which were rented by the plaintiff from the defendant after July 1, 1947, was $11 per week. The order fixing the rent for these accommodations provides that "The maximum rent for the above described housing accommodations should be decreased on the grounds stated in section . . 4(c) of the Rent Regulation . ." Section 4(c) of the Rent Regulation provides, insofar as the same applies here, "For controlled housing accommodations first rented on or after July 1, 1947, the maximum rent shall be the first rent for such accommodations." The demurrer of the defendant, which the trial judge sustained, set out that "The maximum rent being

the first rent charged and received, the petition shows on its face that no rent was received or demanded in excess of the maximum rent."

It appears from said petition, as amended, that the first rent charged and received by the defendant landlord for these housing accommodations was $11 per week, and that on November 15, 1949, the area rent director issued the order, attached to the petition, providing that the "maximum rent for the above described accommodations be, and it hereby is, decreased from $11 per week to $4 per week, effective 12-30-48." Therefore, prior to this order, the maximum rent was the first rent and this was $11.

The Housing and Rent Act of 1947 (50 U. S. C. A. App. sec. 1895) is not an amendment to the Emergency Price Control Act of 1942 (50 U. S. C. A. sec. 901 et. seq.). The language of section 205 of the Housing and Rent Act of 1947 (50 U. S. C. A. App. sec. 1895) under which this proceeding is brought is not the same as the corresponding section (205) of the 1942 act (50 U. S. C. A. App. sec. 925(e)). The former reads that any person who receives rent in excess of the maximum "shall be liable to the person from whom he . . receives such payment . . for reasonable attorney's fees . . plus liquidated damages in the amounts of . . three times the amount by which the payments . . received exceed the maximum rent which could lawfully be demanded, accepted or received," while the latter reads: "If any person selling a commodity violates a regulation, order or price schedule prescribing a maximum price," the person who buys such commodity may "bring an action against the seller on account of the overcharge."

It appears that the plaintiff is seeking to recover for an alleged overcharge of rent received by the defendant from September 5, 1949 to November 19, 1949, of $7 per week, and being for 11 weeks, amounts to $77, and that this tripled, totals $231. The order prescribing the maximum rent for this accommodation was promulgated November 15, 1949. Under the "first rent" provisions of the Rent Regulations, the maximum rent on this accommodation, prior to the issuance of this order on November 15, 1949, was the first rent charged for such accommodations, and this was $11 a week. Therefore, prior to Novem-

ber 15, 1949, the maximum rent for the housing accommodations involved was $11 a week. On November 15, 1949, this maximum rent was reduced or decreased from $11 a week to $4 a week, so that after November 15, 1949, the maximum rent which could be charged for these accommodations and received by the plaintiff was $4 a week. From November 15, 1949 to November 19, 1949, was not a week. Therefore, it appears from the plaintiff's petition, as amended, that no rent in excess of the maximum rent fixed by law, namely the first rent received, was charged and received by the defendant from September 5, 1949 to November 19, 1949. It is true that the order of November 15, 1949 provides that the decrease of the maximum rent from $11 weekly to $4 a week was made effective from December 30, 1948. But as we have seen, this order was issued November 15, 1949, and the maximum rent fixed by law was then (and so remained until the issuance of that order) $11 a week. No rent in excess of the maximum rent, fixed by order of the area rent director was charged or received by the defendant after November 15, 1949. For this court to hold that the order of November 15, 1949, decreasing the maximum rent from $11 a week to $4 a week, would authorize the imposition of a penalty on the defendant landlord of three times the amount charged weekly for these accommodations in excess of the maximum rent per week as fixed by the order of November. 15, 1949, plus attorney's fees, would be to apply said order so as to impair the obligation of contracts and to impose a penalty on the defendant and punish her for doing something which was not, at the time she charged and received the weekly rent of $11, illegal in any way.

There is nothing in the cases of *Morgan* v. *Limbaugh*, 75 *Ga. App.* 663 (44 S. E. 2d, 394), and *Muse* v. *Limbaugh*, 76 *Ga. App.* 355 (45 S. E. 2d, 712), to sustain such a holding by this court. This proceeding is not brought under the Emergency Price Control Act of 1942 nor any amendment thereof, but is brought under the provisions of the Housing and Rent Act of 1947, as amended. When the defendant received the rent from the plaintiff for the period of 11 weeks, to wit, September 5, 1949 to November 19, 1949, she did not do so unlawfully. The defendant was receiving the maximum rent for these accommo-

dations and no more. The defendant did not receive, at the time she received the $11 a week for these housing accommodations, anything in excess of the maximum rent therefor, for the maximum rent was the first rent and the first rent was $11 a week. This clearly appears from the petition, as amended. So that the defendant would not be liable, under the proper interpretation of 50 U. S. C. A. App. sec. 1895, for the penalty therein imposed, for she did not receive of the plaintiff any rent in excess of the "maximum rent which could lawfully be demanded, accepted or received" by her from the plaintiff at the time the same was demanded, accepted or received. As we have noted, this was not an action brought under 50 U. S. C. A. App. sec. 925 (e), a provision of the 1942 Emergency Price Control Act.

Reference is made to the case of Bowles v. Griffin, 151 Fed. (2d) 458, the opinion in which was written for the court by Judge Sibley. While that case was one arising under the 1942 Emergency Price Control Act, the court said, "In this case the court has jurisdiction and duty to decide, whether or not it was done in violation of any regulation or order existing at the time, and if at that time it was done in good faith pursuant to an order in force, a defense is to be held established although the order has since been rescinded." The court held to the effect that when the rent was collected the collection was not in violation of any order and that a subsequent order could not make "penal that which was not penal when done." See also Woods v. Stone, 333 U. S. 472 (68 Sup. Ct. 624, 92 L. ed. 815). The provisions of the Housing and Rent Act of 1947, as amended, only provide for the imposition of the treble damages and attorney's fees where the landlord unlawfully collected excess rents, and at the time the defendant here collected the rents, for the collection of which the plaintiff seeks treble damages and attorney's fees, such collection was not illegal.

The case at bar is in line with and follows the decision and opinion of this court in Fuller v. Still, 79 Ga. App. 803 (54 S. E. 2d, 698). We adhere to our ruling there made. In that case this court refused to apply retroactively an order decreasing rents and held that at the time the rent was collected the maximum rent was the first rent and that such collection was then

not a collection of rents in excess of the maximum rent. We apply the same reasoning to the present case.

It follows that the petition, as amended, does not set forth a cause of action for the collection of treble damages and attorney's fees as provided for in 50 U. S. C. A. App. sec. 1895, under which this action was brought, and that the Appellate Division of the Civil Court of Fulton County properly affirmed the ruling of the trial judge of that court sustaining the general demurrer to the petition, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*