33272. IVY *v.* FERGUSON.

DECIDED OCTOBER 31, 1950.

*F. L. Breen,* for plaintiff in error.

*Stanley P. Meyerson, O. J. Coogler Jr.,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Where substantial structural alterations and improvements are initiated by the landlord, under the Housing and Rent Act of 1947 involved here, resulting in increase or decrease of living space, the maximum rent is the first rent charged after such change, subject to review and decrease by the Area Rent Director on grounds stated in the rent regulations. Until such review, however, and such order of decrease (that is, during the time prior to the order, when the rent is actually demanded and received) the first rent charged is the lawful rent. The recent case of *Mitcham* v. *Patterson,* 82 *Ga. App.* 468, involved a general demurrer to a petition in all respects similar to the one here, except that the order involved § 825.4(c) of the rent regulations, providing in substance that the maximum rent shall be the first rent demanded and received for controlled housing accommodations when they have not been previously rented, whereas the

order in this case involves § 825.4(e) of the rent regulations, providing in substance that the maximum rent shall be the first rent demanded and received for controlled housing accommodations after such accommodations have been materially changed. In either instance, the first rent charged is the lawful maximum rent, subject to review by the area rent director, but until reviewed and fixed by him it remains the legal rent. As stated in the *Mitcham* case, supra, "For this court to hold that the order of November 15, 1949, decreasing the maximum rent from $11 a week to $4 a week would authorize the imposition of a penalty on the defendant landlord of three times the amount charged weekly for these accommodations in excess of the maximum rent per week as fixed by the order of November 15, 1949, plus attorney's fees, would be to apply said order so as to impair the obligation of contracts and to impose a penalty on the defendant and punish her for doing something which was not, at the time she charged and received the weekly rent of $11, illegal in any way." As is there stated, the Housing and Rent Act of 1947, under the provisions of which these actions are brought, is not an amendment to the Emergency Price Control Act of 1942, but an entirely different act. The present act authorizes a penalty for the *receipt of rent* in excess of the maximum, whereas the Emergency Price Control Act authorized a penalty for the *violation of an order* prescribing a maximum price or rent. For this reason the provisions of 50 U. S. C. A. App. § 924(e) as presently in force, relating to imposition of penalties, does not apply. The rent of $50 per month, being the first rent charged after the housing accommodations had been improved, was the maximum rent prior to October 5, 1949, the date of the order of the Area Rent Director reducing the maximum rent to $35 per month. Therefore, no rent in excess of the maximum was received by the landlord prior to the date of the order of the Area Rent Director. It follows that the evidence demanded a finding in favor of the defendant landlord on the issue of treble damages and attorney fees.

It is undisputed that the defendant landlord lived in the housing accommodations in question for a period of more than 24 months between February 1, 1945, and November 8, 1947, without renting out any part of them. The Housing and Rent

Act of 1947, sec. 202 (c) (3) (B) (Pub. Law 129) (50 U.S.C.A. App., § 1892) provided for decontrol of housing accommodations "which, for any successive 24 month period during the period February 1, 1945, to the date of enactment of the Housing and Rent Act of 1947, both dates inclusive, were not rented (other than to members of the immediate family of the landlord)." This provision was extended by the Housing and Rent Act of 1948 (Pub. Law 464). It was deleted from the Housing and Rent Act of 1949 (Pub. Law 31). In consequence, the premises in question were not under rent control at all between April 1, 1947, and March 31, 1949, and the Area Rent Director had no jurisdiction to pass an order which would affect them during this period of decontrol.

However, it is insisted that the defendant landlord waived his right to attack the order of October 5, 1949, of the Housing Expediter, by failing to protest the same, as provided by the rules and regulations of the Housing Expediter, within seven days from the rendition of such order, and thus seek a stay of the order. The order provided that "any rent collected from the effective date of this order in excess of the amount provided for in this order shall be refunded to the tenant, within 30 days from the date this order is issued, unless the refund is stayed in accordance with the provisions of Rent Procedural Regulation." The regulations provide for such action by the landlord.

The landlord did not, within the time provided, object to the order and seek a stay thereof. There are several authorities to the effect that judicial relief against an "arbitrary or capricious rent order" must be first sought through the medium provided therefor by Congress and where this is not done no other court had jurisdiction to enjoin, set aside or consider the validity of any such order. See 50 U. S. C. A., Appendix, § 924 (e); Creedon v. Olinger, 170 Fed. (2d) 895; Bolles v. Lake Lucerne Plaza, 148 Fed. (2d) 967; Woods v. Hills, 334 U. S. 210 (68 Sup. Ct. 992, 92 L. ed. 1322). The order involved in the case sub judice, however, was rendered under and by virtue of the Housing and Rent Act of 1947, as substantially amended in 1949, and not the U. S. Emergency Price Control Law of 1942. This court has ruled that "Opinions of this court and of the Supreme Court in regard to emergency price control do not apply to cases

brought under the Housing and Rent Act of 1947." *Fuller* v. *Still*, 79 *Ga. App.* 803, 812 (54 S. E. 2d, 698). This ruling applies as well to the act of 1949, supra.

The order here complained of was void. It directed the landlord to refund rents collected by him from the tenant at a time when he was legally receiving the proper maximum rent, the first rent charged after the tenant took possession and after the landlord had made substantial improvements in the house, the landlord having occupied the same for more than 24 months between February 1945 and November 1947. The tenant took possession November 27, 1947, under a contract at a rental of $50 a month. This was the first rent charged and received for this housing accommodation after Ivy, the owner, had occupied the same for said period and had during that period made substantial improvements in the house, practically rebuilding it. Therefore, $50 a month was the legal maximum rent for these premises until there was an order affecting the same—decreasing the maximum rent. This order was not passed until October 5, 1949. An order affecting rents collected by the owner under an agreement, which rent was the maximum rent for such premises, lawfully charged and collected, was legal until there was a valid and proper order decreasing the same, and no order affecting such premises could be retroactive. The order providing that the landlord must refund all rents so lawfully charged and collected by him in excess of $35 a month, fixed as the maximum rent on October 5, 1949, would render illegal that which was legal when it took place, and would be retroactive, and consequently, under the decisions of this court, and by a proper application and interpretation of the State and Federal constitutional provisions (Code, Ann., §§ 1-128, 2-302), null and void. This being true, it seems that the cases cited have no applicability here, and that a void administrative order, like a void judgment, can be assailed at any time whenever its validity becomes essential and material to the defense of any motion. The plaintiff's alleged right or cause of action is predicated entirely upon this void order and ruling. Under the facts, this order has the effect of a judgment and insofar as the Housing and Rent Laws are concerned, the administration thereof, and the enforcement of rights arising thereunder, the rule and

regulation of the Housing Expediter, on which he predicated the order, has the force of law as to matters involving rents and housing accommodations subject thereto, and the same principles would apply as are applied to void judgments and as to the improper and illegal enforcement of laws and are to be considered.

"A void judgment may be attacked in any court and by any person." Code, § 110-701. "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interests of the parties to consider it." § 110-709. See *Read Phosphate Co.* v. *Wells,* 18 *Ga. App.* 656(4) (90 S. E. 358). In *Montgomery* v. *Suttles,* 191 *Ga.* 781(3) (13 S. E. 2d, 781), an award or assessment of the Fulton County Tax Assessors, an administrative and governmental agency—not a court—was declared void and for that reason the person affected thereby was not estopped from attacking the same, although he had appealed therefrom to the arbitration board. In that case the trial judge held that the plaintiff "chose his forum, namely a board of arbitration under § 92-6912 of the Code of 1933, to fix the taxable value of his property, and the award of the arbitrators is binding on the plaintiff and can not be reviewed by this court. Wherefore the prayer for injunction is denied." The Supreme Court reversed the trial court, holding that the order was void and that the person affected was not estopped by proceeding in the manner above stated. The rule as to attacking void judgments has also been applied to rulings and orders of county commissioners. See *Franklin County* v. *Crow,* 128 *Ga.* 458 (3, 4) (57 S. E. 784). It appears from the rule and order in the present case, as it did from the orders in the above cases, that the Housing Expediter, the governmental agent, was without jurisdiction, and such order was void on its face. It is expressly provided therein that the same shall apply to legal rents properly charged and received by the defendant landlord. Such an order has been expressly ruled by the courts to be invalid. Bowles *v.* Griffin, 151 Fed. (2d) 458, and see Bowles *v.* Lake Lucerne Plaza, 148 Fed. (2d) 967; *Fuller* v. *Still,* 79 *Ga. App.* 803 (supra); *Mitcham* v. *Patterson,* 82 *Ga. App.* 468 (supra).

Therefore, the invalidity of such a ruling, order and judgment

of the Housing Expediter is not waived, where the defendant landlord does not, within seven days, protest the same as provided in the order, but such order is properly attacked in an action brought by the tenant to recover an alleged excess in rent, the alleged right of action being based entirely upon such invalid order and ruling of the Housing Expediter.

It stands to reason that an order or ruling of an administrative agency, where in violation of the State and Federal Constitutions, and therefore absolutely void, would be subject to attack, and the right to attack same would not be waived by the failure of the landlord to proceed as provided by the rules and regulations of the agency, to protest such order within a specified time therefrom. The landlord here was not attacking this order as erroneous for any reason, but as having been rendered without authority, and as being, therefore, void.

It is true that the Regulations for the 1947 act provide "For controlled housing accommodations first rented on or after July 1, 1947, the maximum rent shall be the first rent for such accommodations. Within 30 days after so renting the landlord shall register the accommodations as provided in section 7 [of such regulations]. The Expediter may order a decrease in the maximum rent as provided in sections 5 (c) (1) and 5 (c) (6). If the landlord fails to file a proper registration statement within the time specified, the rent received for any rental period commencing on or after the date of the first renting shall be received, subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under sections 5 (c) (1) or 5 (c) (6). Such amount shall be refunded to the tenant within 30 days after the date of the issuance of the order unless the refund is stayed in accordance with the provisions of Rent Procedural Regulations 1." Said sections referred to provide that, "The Expediter at any time, on his own initiative or on application of the tenant, may order a decrease of the maximum rent otherwise allowable only on the grounds (1) . . The maximum rent for housing accommodations established under" said section 4 "is higher than the rent generally prevailing in the defense rental area for comparable housing accommodations on the maximum rent date." Said section further provides that, "Where the maximum rent for said housing accom-

modations was originally established under" said paragraphs of section 4 "and the landlord failed to file a proper registration statement in accordance with the provisions of said Rent Regulations for Housing on or before June 30, 1947, and fails to file a proper registration statement in accordance with the provisions of this Regulation within the time specified in section 7 or where the maximum rent is established under section 4(c) of this regulation and the landlord fails to file a (proper) registration statement in accordance with the provisions of section 7 of this regulation. The rent received for any rental period commencing on or after July 1, 1947, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under this section. Such amount shall be refunded to the tenant within 30 days after the date of the issuance of the order, unless the refund is stayed in accordance with the provisions of Rent Procedural Regulation No. 1."

The landlord here did not file an application for registration until August 5, 1949. Section 7 provides that, "For housing accommodations first rented after June 1, 1947, such registration statement shall be filed on or before July 30, 1947, or within 30 days after first renting, whichever is later." When this law went into effect the owner was in possession. The tenant did not take possession under the first renting of the premises until November 27, 1947. The facts showed that the wife, acting for the landlord, went by the office of the Housing Expediter upon the renting of the house to the defendant in error and was told that the premises were "decontrolled." It was only under the Housing and Rent Act of 1949 that these premises can be said to be under the Housing Expediter, if at all. The landlord testified that he did not file any protest because his wife had been informed that the premises were not under control, but were decontrolled.

Regardless of whether the application for registration was filed too late, the effect of the order of October 5, 1949 under which the court directed the jury to find that the landlord was subject to treble damages for the excess rent of $15 from November 1, 1947 (all being charged and collected as the maximum rent and lawfully received at that time) is to penalize the landlord for rent lawfully charged and lawfully received, at the time lawfully charged and lawfully received. Bowles v. Griffin, su-

pra; *Fuller* v. *Still,* supra; *Mitcham* v. *Patterson,* supra. This is to give the regulations and the order an unconstitutional effect and construction. The Area Rent Director had no jurisdiction over the subject-matter, the housing accommodations in question, during the period of their decontrol and until they were placed back under control on April 1, 1949 (Housing and Rent Act of 1949, Pub. Law 31, sec. 201(c)(3) (B)). By no construction of this act was he given the power to make any retroactive refund order whatever extending back of this date and into the period of decontrol, and it was therefore error for the trial court to direct a verdict in favor of the tenant based upon this order.

The trial court erred in overruling the motion for a new trial for the reasons above set out.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*