### 33209. WALKER *v.* McMILLEN.

DECIDED JANUARY 9, 1951. REHEARING DENIED FEBRUARY 9, 1951.

258

*Ralph R. Quillian*, for plaintiff in error.
*Yantis Mitchell, J. Frank Kemp, Joseph D. Tindall, Joseph D. Tindall Jr.*, contra.

FELTON, J. ■ The amendment filed by the defendant alleged that since July 7, 1949, and during the pendency of this case, she had pursued and exhausted all of the administrative remedies available to her in an effort to set aside the order dated July 7, 1949, upon which the plaintiff's action is based, terminating in an order by the Housing Expediter which on Feb. 14, 1950, denied the defendant's appeal from the order of July 7, 1949. The gist of the other allegations of the amendment is that the orders appealed from were issued without a hearing and were not supported by evidence in that rentals generally prevailing in the Atlanta rental area for comparable housing accommodations were $200 instead of the amount fixed in the order complained of by the defendant, and raised the following questions, among others, that the defendant was never afforded a hearing; that the proceedings were unconstitutional for lack of due process of law. The first of the plaintiff's demurrers was on the ground that the amendment to the answer of defendant filed on March 16, 1950, should be stricken for the reason that there was no affidavit attached to show that the amendment was not filed for the purpose of delay only. Since the defendant made no effort to amend the amendment by attaching such an affidavit, the court sustained this demurrer. We think that the court was correct in this ruling. The defendant contends that the affidavit is not necessary for the reason that the defenses set forth in the amendment are based on facts the principle of which took place after the time for filing an answer had expired and that the amendment showed on its face that they could not have been omitted from the original answer for the purpose of delay only. Assuming that in a proper case, where the facts contained in the amendment showed that the new facts could not have been omitted for the purpose of delay, such facts would excuse the making of an affidavit to the effect that the new facts were not omitted for the purpose of delay, the demurrer in this case is not on such a ground, but is on the ground that *the amendment was not filed for the purpose of delay.* Code § 81-1310 contains two requirements and both generally have to be complied with. *Beacham* v. *Wrightsville & Tennille R. Co.*, 125 *Ga.* 362 (54 S. E. 157); *Gross* v. *Whitely*, 128 *Ga.* 79 (57 S. E. 94); *Columbus Show Case Co.* v. *Brinson*, 128 *Ga.* 487 (57 S. E. 871); *Archer*

& *Cosper* v. *Arnold-Henegar-Doyle Co.*, 18 *Ga. App.* 588 (89 S. E. 1089); *Richardson* v. *DuPree*, 32 *Ga. App.* 3 (122 S. E. 707). This is not a case where the answer clearly put the plaintiff on notice as to the defenses claimed and where the amendment was but an amplification of the original answer, such as was the case in *Conant* v. *Jones*, 120 *Ga.* 568 (48 S. E. 234), and *Burnett* v. *Davis & Co.*, 124 *Ga.* 541 (52 S. E. 927). The judge did not abuse his discretion in sustaining this demurrer to the amendment which was allowed subject to demurrer.

■ Since the court properly struck the amendment on demurrer, only one question was left for trial under the original answer and that was whether the defendant proved that the violation of the order was not wilful or the result of a failure to take practicable precautions to prevent its occurrence. The only explanation the defendant gave for not making the refund ordered was that she refused to do so on advice of counsel. The court was authorized to find that such evidence was insufficient for the purpose. Assuming, but not deciding, that the violation was not wilful, in the case of an order requiring a refund there are only two practicable precautions that a landlord can take to avoid violating the order; one is to pay the refund within the time provided by the order; the other, in the event the landlord desires to appeal the order requiring a refund, is to obtain a stay of the order by depositing the amount of refund with the Treasurer of The United States in accordance with Revised Rent Procedural Regulation No. 1. Since the landlord failed to take the practical precaution necessary to prevent the violation of the refund order, the court did not err in finding triple damages and attorneys' fees.

The plaintiff in error contends that two cases from this court control the issues here, *Mitcham* v. *Patterson*, 82 *Ga. App.* 468 (61 S. E. 2d, 517), and *Ivy* v. *Ferguson*, 82 *Ga. App.* 600 (62 S. E. 2d, 191). There was no demurrer in this case and even if the court had not stricken the amendment, the plaintiff in error cannot now *by a motion for a new trial* take advantage of the defects in the petition. *Nixon* v. *Nixon*, 194 *Ga.* 301 (1) (21 S. E. 2d, 702); *Twilley* v. *Twilley*, 195 *Ga.* 291 (24 S. E. 2d, 41); *Grice* v. *Grice*, 197 *Ga.* 686 (1) (30 S. E. 2d, 183).

The court did not err in sustaining the demurrers to the amendment or in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*