Wright vs. Smith.

---

F. K. WRIGHT, plaintiff in error, *vs.* N. A. SMITH, defendant in error.

A made a deed to B for a parcel of land, which was recorded in the proper office, but not within twelve months. After the record, A made a subsequent deed to C of the same land, C having no actual notice of the first deed, and C went into possession and continued in possession more than seven years:

*Held,* That the record of the deed to B is not such evidence that the subsequent deed to C was fraudulent, so as to defeat C.'s title by prescription.

Ejectment. *Bona fide* purchaser. Notice. Before Judge CLARK. Sumter Superior Court. November, 1870.

In March, 1868, Wright brought ejectment against Smith. By consent the facts were agreed upon, and it was submitted to the Court whether Smith had a title by prescription. The facts were these:

In 1857 Hill *et al.*, conveyed this land to Wright, who had his deed recorded about eighteen months after its date. After this deed was recorded, in 1859, but without any actual notice that Wright owned the land, W. A. Hawkins took another deed from the same feoffers, *bona fide*, and took possession at once, and he, and others holding under him, (including Smith) were ever since in possession of the land. The Court decided that the record of the deed was not notice to Hawkins, and that the plaintiff could not recover. This is assigned as error.

C. T. GOODE; PHILLIP COOK, for plaintiff in error.

W. A. HAWKINS; HAWKINS & GUERRY, for defendant.

McCAY, Judge.

There is no dispute in this case as to the facts. The defendant has been in possession of the property sued for, seven years, under written claim of right. It is admitted that at the time of the date of defendant's deed, and at the time he took possession, there was upon record a deed from the Hills to Wright, and it is contended that this *fact*—the existence of an older deed—(though he had no actual notice of it) from the defendant's grantor, recorded, was such notice to the second purchaser as so make the deed to him fraudulent, and to destroy his prescriptive title, arising from his seven years' possession.

Our Code, section 2641, after providing seven years' adverse possession under written evidence of title, as the law of prescription in this State, adds: " But if such title be forged or fraudulent, and notice thereof be brought home to the claimant before or at the time of the commencement of his possession, no prescription can be based thereon." So, too, section 2637 provides, that "the possession must not have originated in fraud."

The argument of the plaintiff in error, stated briefly, is this: As a second deed by a vendor of land is illegal, and as the first deed was recorded at the time the second was made, the case falls fully within the exception of the statute. The second deed, it is said, is fraudulent, since the making of it was indictable, (Code, section 4511), and the record of it is notice to all. Hence, the defendant in this case is in under a fraudulent title, with notice of the fraud.

There are several defects in this argument. 1st. The second deed is only illegal, if *fraudulently* made. The simple fact that it is a second deed is not enough. It may, nevertheless, be a good deed. The first one *may* have been fraudu-

lent, or it may have been cancelled, or another deed made reconveying the property to the grantor. As we have said, the statute only punishes the *fraudulent* making of a second deed. And it would be a violation of all principle to *assume* a second deed to be fraudulent. But the leading defect in the argument is, as we think, in giving to the *record* of this first deed the effect claimed for it. The question of adverse possession is one of intention, and turns upon the *bona fides* of the tenant. To charge him with fraud, so as to vitiate his possession, the facts must be such as to affect his *conscience.* They must be *"brought home to him."* It is true, that one who buys property, with constructive notice of an outstanding claim, is in some senses charged with fraud— implied fraud. He is bound to look to the record; he is bound to follow up any fact which should put a prudent man on the watch; and if he fail to do this, he is looked upon as guilty of neglect.

But if we take this view of the notice referred to in the section of the Code under consideration, we should destroy the whole doctrine of prescription. If one who buys property looks to the record—follows up every fact which ought to put a prudent man on the watch—and only buys when he finds nothing wrong, then he gets a good title, and the statute of prescriptions is wholly useless.

According to the argument, one can only set up a prescriptive title when he has had seven years' possession under a *legal* title. The very object of the statute is to protect persons in possession under defective titles, and if it can only be used to protect one who has bought without notice, either actual or constructive, of the outstanding rights of third persons, then the statute is wholly worthless, since such a purchaser would be protected without it.

To charge the person in possession with notice, even of a fraud in his deed, the facts must be such as to charge his conscience. He must be cognizant of the fraud, not by construction but by actual notice. It must be *" brought home*

*to him."* No man can be fairly said to hold land adversely to another, who at the time he goes into possession has notice that he is committing a fraud, that the title under which he enters is forged or fraudulent. His entry is not *bona fide.* His claim of right is only *pretended.* But if he have no actual notice, if he honestly think his claim good, if he does not have notice, actual notice, he may very well be said to hold adversely. He is in earnest. He does not merely pretend to a right, but really claims it.

In the case put by the record we are not even prepared to say that, if the second purchaser had seen the record, his statutory title would fall. It does not follow, as we have said, that the second deed is fraudulent because it is a second deed. Nor is any such presumption required by law. One may well hold adversely knowing there is a third party claiming his land. He may think the outside claim to be bad and his own good.

To make a case, under the exception of the statute, the facts must be such as to charge the conscience of the tenant, so as that his adverse possession is only a pretence and not a *bona fide* real holding under a written claim of right. See *Griffin vs. McKenzie,* 7 Georgia, 163. *Conyers vs. McKenan,* 4 Georgia, 308. *Berry vs. Osborne,* 15 Georgia, 194. *Griffin vs Stamper,* 17 Georgia, 108.

Judgment affirmed.