THE MINNIE.[1]

THE DORIS.

GEDNEY and others *v.* THE MINNIE and others.

*(District Court, D. Connecticut.* February 13, 1886.)

COLLISION—SUNKEN VESSEL RAISED AND REPAIRED—MEASURE OF DAMAGES.
When a vessel sunk in a collision is subsequently raised, and permanent repairs are both practicable and proper, but she was put into a better condition than before the disaster, the owners, if acting with promptness, are entitled to recover the cost of raising the vessel and cargo, and of necessary temporary repairs thereto, as well as the amount that it would have cost them to have put the vessel, her furniture, and fittings into as good and serviceable condition as she was before the sinking, and to a reasonable sum as demurrage for the time consumed, and also to compensation for any damage to the cargo, and to the gross freight thereon, less the charges which would have been necessarily incurred in earning it. The crew should be compensated for the loss of personal effects, but the sum awarded should be less than the cost price of the articles lost.

In Admiralty.

The owners as well as the crew of a vessel sunk in a collision filed a libel against the respondents. The court held the respondents to be in fault, and ordered a reference to a commissioner to assess damages. The vessel was promptly raised, and some money was expended in temporary repairs. Extensive permanent repairs and alterations were made, and she was put in a better condition than before the disaster, so that the amount expended was not a criterion of the actual injury. There was an insurance upon the hull of the vessel, which was paid, and the proceedings on the part of the owners of the vessel were virtually proceedings for the benefit of the underwriters. The joinder of the crew in the libel was for the purpose of recovering damages for the loss of personal effects. The commissioner in assessing damages allowed the libelants the cost of raising the vessel, and also the cost of temporary repairs. He further allowed them the sum that it would have cost them to put her into as good and serviceable condition as she was before the disaster, and also what it would have cost them to have furnished and refitted her over and above the amount and value of the furniture saved. The commissioner likewise allowed demurrage for the time that it would have taken to have refitted her, the cost of raising her cargo, the damage thereto, the amount of freight earned at the time of the disaster, and the value of the personal effects of the crew, estimating the latter on the basis of the actual cost required to supply the places of the articles lost. The owners of the sunken vessel, the libelants, excepted because the commissioner did not allow them full freight. The

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

owners of the Minnie excepted,—*First*, because the commissioner allowed $352.55 for temporary necessary repairs; *second*, because the commissioner allowed $7,500 as the sum that it would have cost the libelants to have put the vessel into as good condition as she was before sinking; *third*, because the commissioner allowed $1,000 as the sum that it would have cost them to have refurnished and refitted her, over and above the furniture and fittings saved; *fourth*, because the commissioner allowed the sum of $288.51 as damages to the crew for the loss of personal effects; *fifth*, because the commissioner's report makes no finding of the market value of the vessel immediately prior to her sinking, or the practicability of making permanent repairs. The owners of the Doris excepted to the commissioner's report— *First*, because the libelants' suit being virtually for the benefit of the underwriters, the damages awarded should be reduced by the amounts heretofore received by the underwriters as premiums; *second*, because the insured virtually abandoned the vessel as a total loss, and were paid accordingly, and that it was error for the commissioner to allow, not only the amount the insurance companies paid out, but, in addition, such sums as it was estimated it would have cost for repairs in order to put her in as good condition as she was in before she was sunk; *third*, because the commissioner erred in allowing as damages such sums as would be required to buy a new boat or new clothes, as neither the boat nor the clothes were new.

*Butler, Stillman & Hubbard*, for libelants.
*Carpenter & Mosher*, for insurance companies.
*Wheeler, Peckham & Dixon*, for the Doris.
*Samuel Park*, for the Minnie.

SHIPMAN, J. The first, second, and third exceptions of the Thames Tow-boat Company, the owner of the Minnie, and one of the claimants, to the commissioner's report, in allowing $352.55, $7,500, and $1,000, are overruled, and the findings of the commissioner are sustained.

The fifth exception of the said claimant, and the second exception of the Providence & Stonington Steam-ship Company, the owner of the Doris, and another claimant, are overruled. These exceptions proceed upon the erroneous theory that the Van Santvoord was a total loss, whereas she was worth, when raised, $1,650, was delivered to the owner, who immediately repaired and refitted her.

The practicability and propriety of making permanent repairs were evident. The first exception of the said owner of the Doris is overruled.

The fourth exception of the owner of the Minnie is sustained, and the third exception of the owner of the Doris is sustained in part. The commissioner placed, in my opinion, too high a value upon the personal effects of the master and crew, and should have deducted somewhat from the cost price. I allow: For the personal effects of

Theron G. Post, $103.70; for the personal effects of Henry Post, $77.54; for the personal effects of James Gallagher, $33.97.

The exception of the libelants to the non-allowance of $192.50 for freight is sustained in part. The freight earned, at the time of the accident, being the gross freight, less the charges which would have been necessarily incurred in earning the same, exceeded the sum allowed by the commissioner. There should be allowed the sum of $160.

Let a decree be entered in accordance with the commissioner's report, as herein modified.