## PHILLIPS v. SOUTHERN RAILWAY COMPANY.

1. Where a case went to trial on petition and answer, with no objection from either side as to the other's pleadings, and at the close of the evidence the court, on motion of the defendant, directed a verdict in favor of the latter, the following assignment of error in a bill of exceptions, "plaintiff excepted to said ruling of the court, and now excepts and assigns the same as error," necessarily means that the court erred in adjudging that the evidence demanded the verdict directed ; and, thus interpreted, such assignment of error is sufficiently explicit and distinct.
2. The only question, however, presented for decision here by such a bill of exceptions is whether or not the evidence, taken most favorably for the plaintiff, established the material allegations of his petition. Such a bill of exceptions in no event, however, brings under review the question whether or not upon the facts alleged the plaintiff was, as matter of law, entitled to a recovery.
3. As there was, in the present instance, evidence warranting a finding that the plaintiff proved his case as laid, the direction of the verdict was erroneous.

Argued October 6,—Decided November 26, 1900.

Action for damages. Before Judge Janes. Haralson superior court. January term, 1900.

*James Beall* and *Edwards & Ault*, for plaintiff.
*Hugh M. Dorsey*, for defendant.

LEWIS, J. Phillips brought an action for damages against the Southern Railway Company, in the superior court of Haralson county: The petition substantially alleged that on January 14, 1899, the plaintiff applied to the defendant, through its agent Field, at its ticket-office in Bremen, Ga., to purchase a ticket from Bremen to Temple, stations on defendant's line of railway, for the purpose of taking passage on the regular passenger-train, which was due to arrive at Bremen thirty minutes thereafter, and was told by this agent that he could not sell a ticket for that train to Temple; but it was the custom to ask the conductor when the train arrived if he would have occasion to stop the train at Temple, and, if so, the conductor would accept him as a passenger on the same from Bremen to Temple, and would charge him only the ticket rate of fare. Petitioner further alleged that when the train arrived at Bremen plaintiff ascertained from the conductor that it would stop at Temple, and plaintiff accordingly went aboard the train under said instructions. Soon after the train left Bremen the conductor came to plaintiff to collect his fare, and plaintiff, having the exact change, handed him twenty-five cents, the regular ticket fare between the two stations

which the conductor took, but refused to accept the same as full fare for the trip, and demanded four cents a mile. Plaintiff, having only fifty cents for paying his fare to Temple and return, refused to pay four cents a mile, and was compelled to leave the train. The petition further charges that he was a physician, and on his way to Temple for the purpose of visiting a patient who was seriously sick. It was the custom of the defendant to transport passengers from Bremen to Temple and return for only three cents per mile, though they had no tickets between these points, on all occasions when the train would stop at Temple. It appears from the record that a demurrer was filed by defendant's attorney to the petition, on several grounds; yet the record also discloses that the defendant's attorney in writing on the demurrer which he signed stated that he did not insist on the same. It seems the case proceeded to trial on testimony introduced both in behalf of plaintiff and defendant, and that upon motion of defendant's counsel, at the conclusion of the evidence, the court directed a verdict for the defendant. Plaintiff excepts to this ruling, and assigns the same as error in his bill of exceptions in the following language: "plaintiff excepted to said ruling of the court, and now excepts and assigns the same as error."

1. The bill of exceptions in this case does not bring under review the question whether or not, upon the facts alleged in plaintiff's petition, he was, as matter of law, entitled to a recovery. This is so for the reason that no such question is either made or attempted to be made. The only proper way to make such a question is by demurrer to the petition. In this connection see *Roberts v. Keeler,* 111 *Ga.* 181. It seems from the record that there was at one time a purpose on the part of the defendant to demur to the petition, but it was abandoned, and it did not insist on any ruling in the court below on the questions raised by the demurrer. In considering this case, therefore, we think that the ruling of the court complained of in directing a verdict for the defendant necessarily means that the court erred in adjudging that the evidence demanded the verdict directed. Thus interpreted, we think such an assignment of error is sufficiently explicit and distinct.

2, 3. The only question, therefore, presented for decision by this bill of exceptions is whether or not the evidence, taken most favorably for the plaintiff, established the material allegations of his petition. After a careful review of the testimony appearing in the

record, we discover evidence therein which, taken favorably for the plaintiff, clearly establishes the material allegations of his petition. This being the case, it necessarily follows that the evidence did not demand the verdict for the defendant, and that the court erred in directing a verdict in the case, and in not submitting the issues of fact to the jury. The question as to whether or not upon the facts alleged the plaintiff was, as matter of law, entitled to a recovery is not involved in this case, and therefore this question is neither considered nor discussed by this court. There being in the present instance evidence warranting a finding that the plaintiff proved his case as laid, the direction of a verdict by the court was erroneous.

*Judgment reversed. All the Justices concurring.*