O'CONNOR *v.* BRUCKER.

1. Where the court improperly opens a default and the defendant pleads, and thereupon the plaintiff makes an immaterial amendment, the case proceeds to trial, and the verdict is afterwards set aside on the ground that the court should not have allowed the default to be opened, such immaterial amendment will not entitle the defendant to file a plea at the second trial.

2. Where in a suit for personal injuries the defendant is in default, he is entitled to the privilege of cross-examination, and to introduce evidence to contest the amount of damages, but can not, by cross-examination or otherwise, disprove the facts in the petition, admitted to be true by his failure to plead.

3. Even though a defendant be in default, yet, if the petition states no cause of action, the defendant may at the trial move to dismiss, or request the court to charge the jury that the plaintiff is not entitled to recover; and a failure of the court to sustain the motion or to charge as requested may be taken advantage of by direct bill of exceptions.

4. The principle of the "turn-table cases" will not be extended. Where the door of a vacant house was left open, and a young child playing therein was injured by the fall of a window which was being raised by his companion, the owner is not liable therefor.

Argued February 24, — Decided March 18, 1903.

Action for damages.    Before Judge Eve.    City court of Richmond county.    June 17, 1902.

*M. P. Carroll* and *W. K. Miller*, for plaintiff in error.
*C. E. Dunbar*, contra.

LAMAR, J.   1.  When this case was here before (115 *Ga.* 95), it was held that the defendant showed no sufficient reason for opening the default.    The allegations in the petition should, therefore, have been considered as true, and a nonsuit could not have been granted, as a motion therefor is not intended to test the sufficiency of a petition, but only whether the evidence supports the allegations.    *Kelly* v. *Strouse*, 116 *Ga.* 872 (4).    On the second trial the defendant again sought to open the default, on the ground that the plaintiff had amended her declaration by alleging that the defendant owned "or was in the custody and control of the vacant building."    This amendment, we think, was immaterial.    Civil Code, § 5068.    The greater included the less.    If the defendant was not liable as owner, he certainly would not have been liable as agent or custodian; and the court correctly refused to allow the default to be opened.    Civil Code, § 5072.

2.  The assignments of error as to the exclusion of evidence were without merit.    In view of the default, the only question that could have been considered was the amount of damages.    The defendant had the right to contest this issue by rigid cross-examination, or by the introduction of evidence, but had no right to extend the examination into the matters of fact confessed by the failure to deny the allegations in the petition.    Civil Code, § 5073.

3.  The judge in the court below evidently thought, from the decision in *Fleming* v. *Roberts*, 114 *Ga.* 634, that the failure to demur admitted that the petition set out a cause of action, and precluded him from passing on the question as to whether O'Connor was or was not liable under the facts stated.    The later case of *Kelly* v. *Strouse*, 116 *Ga.* 872 (4), adjudges that no technical rule, or failure to demur or to plead, will authorize the courts to impose a liability on the defendant, where, from the facts stated in the petition, or from the facts as they appear in evidence, there is no liability in law.    Advantage ought to be taken of such defects by demurrer.    It saves the time of the country and the expense incident to a trial.    Raising such issues by demurrer is not only proper, but it is

in the interest of the parties and of the country alike.    Civil Code, § 5048.    But if no demurrer or plea is filed, and if judgment is rendered by default, on a petition which sets out no cause of action, the defendant may even then move in arrest of judgment.    Of course, in such case every intendment will be in favor of the verdict, and all amendable defects will have been cured thereby.    Civil Code, §§ 5364, 5365.    It is at defendant's peril that he allows the verdict to go against him by default.    He will often be bound though the petition may have been subject to demurrer.    Civil Code, § 5365.

4.    But here, making all possible intendments in favor of the verdict, and considering that all amendable defects in the petition had been cured, it is yet evident that under the facts the defendant was not liable.    It has been recently held by this court that the doctrine of the " turn-table cases " will not be extended.    *S., F. & W. R. Co.* v. *Beavers*, 113 *Ga.* 398.    In view of this decision it is doubtful whether the owner would be liable where a child had been injured after entering the door of a vacant house.    But even if leaving the door open was an act of negligence, and an enticement to children, the owner would only be liable for the damages which naturally flowed from such act ; as, for example, for injuries caused by a child falling through a hole in the floor, or from defects in the building.    But where there was no defect in the building, where the windows were down, and where a companion attempted to lift the window-sash, and in so doing the window fell and injured the hand of the infant, the owner of the building is not responsible.    If the gate to the yard had been left open and children had entered, and while at play one had accidentally dropped a brick or heavy object on a playmate, the landowner would not be responsible.    The principle is not different where the injury occurred within the building.    It was not negligence to let the window-sash remain unfastened ; the fall of the window was not the proximate result of leaving open the door.    The injury was caused by the independent and intervening act of the infant's playmate.

*Judgment reversed.    By five Justices.*