16474.    MACON, DUBLIN & SAVANNAH RAILROAD CO. *v.*
JORDAN, by next friend.

A three-year-old child, injured while playing on a pile of cross-ties belonging to a railroad company and on its right of way, can not recover from the company on the theory that the cross-ties constituted such an attractive nuisance as to render the defendant liable under the doctrine of the "turntable cases."

The court erred in overruling the general demurrer to the petition.

DECIDED SEPTEMBER 9, 1925.

Action for damages; from city court of Dublin—Judge Bidgood. April 20, 1925.

This was an action for damages, brought by Alma Inez Jordan, a minor, by next friend, for injuries sustained by reason of the following facts: The plaintiff, when a little more than three years or age, lived with her father, who was employed by the defendant company as a section foreman. In the contract of employment the company agreed to furnish a house to live in and to dig a well at the dwelling to supply water for him and his family. The defendant failed to dig the well, and it therefore became necessary for the family to get water from a well located about five hundred feet from the house, across the defendant's right of way. The defendant had on its right of way, about one hundred feet from the well, by the side of the path leading therefrom to the house, several piles of cross-ties. These ties were bright and new and shiny, and were very attractive to children, and made an inviting but dangerous place for children to play. They were piled "wood fashion," or each parallel with the other, when they should have been piled one row one way, and the next crosswise. They were arranged in such a manner as to make them "door step fashion" from the bottom to the top, and the pile was about five feet high. The plaintiff's mother, in going to the well, having no one to leave the plaintiff with except a very young child, carried the plaintiff with her, and, the plaintiff being attracted to the ties by their beauty, went upon them to play. One of the ties fell on the plaintiff and caused the injuries for which she sued. The negligence specified was "the piling of said cross-ties as alleged in this petition, particularly paragraphs 9 and 8, and petitioner alleges that the defendant was negligent in so piling said cross-ties, and failed to use ordinary care and diligence therein, and that petitioner used such care and diligence to avoid such injury as a child of her age would in law be charged with the duty of using." To the plaintiff's petition, alleging substantially the above, the defendant filed general and special demurrers, which the court overruled, and the defendant excepted.

*John S. Adams, Charles Akerman,* for plaintiff in error.
*Hightower & New,* contra.

BELL, J. (After stating the foregoing facts.)
The plaintiff's counsel invoke an application of the doctrine of

the "turntable cases," citing *Ferguson* v. *Columbus & Rome Ry.,* 75 *Ga.* 637 (2). In the case of *Savannah, Florida & Western Ry. Co.* v. *Beavers,* 113 *Ga.* 398 (39 S. E. 82, 54 L. R. A. 314), this doctrine was exhaustively discussed, and the Supreme Court adopted "the policy of limiting the doctrine, not strictly to turntable cases alone, but of refusing to extend it to cases which upon their facts do not come 'strictly and fully' within the principle upon which those cases rest." *Manos* v. *Myers-Miller Furniture Co.,* 32 *Ga. App.* 644 (124 S. E. 357). In the *Manos* case this court held that a tier of shelves was not such an "attractive nuisance" as to come within the principle of that class of cases.

Where a six-year-old child was injured while playing with a velocipede car, which was left in an open and exposed place near the depot in the town of Manor, where the public were accustomed to travel and be, and where small children of the town were at liberty to go, and where they frequently went, it was held by the Supreme Court that this vehicle was not such an "attractive nuisance" as to place it in the category of the "turntable cases." *Atlantic Coast Line R. Co.* v. *Corbett,* 150 *Ga.* 747 (105 S. E. 358).

Counsel for the plaintiff take the further position that the relation of landlord and tenant existed between the plaintiff's father and the defendant, and therefore the plaintiff was not a trespasser. If the pile of ties had been located on the premises which plaintiff's father rented from the defendant, this contention might possibly have been well taken. But the plaintiff, while possibly a licensee in going upon the path from the house to the well, became a trespasser the moment she left the path and went upon the right of way. In the case of *Manos* v. *Myers-Miller Furniture Co.,* supra, the shelves were on the defendant's property, within two or three feet from the line of an alley, and there was no obstruction dividing the alley from the defendant's premises. In the instance case the ties were "about 100 feet from said well, and by the side of the path leading from said house to said well." Under these circumstances, the plaintiff had no right or license to go upon the crossties on the right of way, and it is not alleged that she had been in the habit, with or without the defendant's knowledge or consent, of going about them, or that there was any other circumstance, except the common knowledge of child nature, which should have put the defendant on notice that she would at any time do so.

The petition fails to disclose the defendant's violation of any duty, and therefore fails to show negligence.

To use language quoted with approval by the Supreme Court in the *Beavers* case, supra, "When a child wakes up in the morning in his father's house, the duty of providing a safe playground for him during the day rests upon his parents;" and, as was said by the court in Branan *v.* Wimsatt, 298 Fed. 833 (54 App. D. C. 374, 36 A. L. R. 14) : "The duty devolves on natural guardians and lawful custodians to protect children from the consequences of their restless spirit of adventure, and that duty can not justly be wholly transferred to strangers who are under no obligation to keep watch and ward over the children of others."

The injury in this case was simply an unforeseen accident, and the defendant was not liable. See further, in this connection, Hardy *v.* Missouri Pacific R. Co., 26 Fed. 860 (36 A. L. R. 1) ; Tomlinson *v.* Vicksburg, S. & P. R. Co., 143 La. 641 (79 So. 174) ; Kramer *v.* Southern R. Co., 127 N. C. 330 (52 L. R. A. 359, 37 S. E. 468) ; United Zinc & Chemical Co. *v.* Britt, 258 U. S. 268 (42 Sup. Ct. Rep. 299, 66 L. ed. 615, 36 A. L. R. 28).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*