## GOFF *v.* NATIONAL BANK OF TIFTON.

HINES, J. 1. A creditor of an intestate decedent can not recover judgment against the heirs at law of the intestate upon an indebtedness by note of the intestate to such creditor, and have canceled a deed from a third person to one of such heirs to the lands thereby conveyed, upon

the ground that the intestate had bought from the true owner and paid for said lands but had died without getting a deed thereto, that the heirs at law, of the owner of these lands had conveyed them to a holding company, which in turn had conveyed them to one of the heirs of the intestate, to delay, hinder, and defraud the creditor of the intestate debtor, that the administrator of the latter had been discharged upon his fraudulent representation that he had fully administered his estate, and that there was no administrator of the estate, which was insolvent,—without making an administrator of the intestate debtor a party to said proceeding, and obtaining judgment against him. If the estate was unrepresented, the creditor should have the discharged administrator made a party and have the judgment of discharge set aside (*Collier* v. *Cross*, 20 *Ga.* 1; *Pass* v. *Pass*, 98 *Ga.* 791, 25 S. E. 752; *Pollock* v. *Cox*, 108 *Ga.* 430, 34 S. E. 213) ; or an administrator de bonis non should be appointed. *Carr* v. *Berry*, 116 *Ga.* 372, 374 (42 S. E. 726). A suit in equity can not be maintained by a creditor against heirs at law to recover judgment against them on a debt of their ancestor, to recover property of their ancestor, or subject the same to the payment of debts of the ancestor, without making the administrator of the intestate debtor a party. *Mason* v. *Atlanta Fire Co.*, 70 *Ga.* 604 (48 Am. R. 585).

2. A court of equity is without jurisdiction to appoint an administrator· for a decedent, or to appoint a receiver in the place of an administrator.

3. Where it appears on the ·face of the petition that it set forth no cause of action, a court of error is bound to notice it. A failure to demur does not confess the existence of a cause of action in law or equity. *Kelly* v. *Strouse*, 116 *Ga.* 872 (5*d*) (43 S. E. 280).

4. Applying the above· rulings, it is unnecessary to consider other assignments of error; and it follows that the trial judge erred in not granting a new trial. *Judgment reversed. All the Justices concur.*

No. 7583. June 17, 1930.

694

*Fulwood & Forrester,* for plaintiff in error.
*Ridgdill & Christian* and *R. D. Smith,* contra.