### 20230. TOLBERT *v.* TOLBERT, administrator, *et al.*

BELL, J. 1. A defendant who fails to demur to a petition which is fatally defective, in that it does not set forth a cause of action, may, "after verdict and judgment against him, in addition to other available remedies, duly move to set the judgment aside." *Jones* v. *Harris,* 151 *Ga.* 129 (3) (106 S. E. 555); *Harbin* v. *Hunt,* 151 *Ga.* 60 (3) (105 S. E. 842).

2. Under the war-risk insurance act, where the beneficiary dies before receiving all of the installments of the war-risk insurance, the remainder "shall be paid to the estate of the insured" (38 U. S. C. A., § 514; *Coleman* v. *Harrison,* 168 *Ga.* 859, 149 S. E. 141), and the heirs or distributees must be ascertained as of the date of the insured's death. Branch Banking & Trust Co. *v.* Brinkley, 196 N. C. 40 (144 ·S. E. 530); National Union Bank *v.* .McNeal, N. C. (2) (145 S. E. 549).

3. In a suit by the widow and sole heir of a brother of the insured, to recover of the insured's administrator a portion of the insurance collected by such administrator, a petition which alleged that after the death of the insured the United States Veterans Bureau awarded the insurance equally among the four brothers and one sister of the insured, including the plaintiff's husband, who thereafter died, but which did not allege that such brothers and sister were the heirs at law of the insured, was fatally defective in that it failed to show any right or interest of the plaintiff in such insurance, since it does not appear that she herself was ever a beneficiary, either originally or as successor to her husband, or that her husband was an heir of the insured, so as to have inherited an interest to which she, the plaintiff, might have become entitled as widow and sole heir at law. Even if the United States Veterans Bureau had authority to designate beneficiaries after the death of the insured, such designation would not cause the insurance to pass to the estate of the beneficiary; and since there is nothing in the instant petition to show who were the heirs and distributees of the insured, the petition failed to set forth any cause of action in favor of the plaintiff against the insured's administrator.

4. Moreover, since the plaintiff's claim was predicated solely upon her status as widow and sole heir at law of her deceased husband, and since she

is seeking a recovery upon an alleged cause of action which, if existing, was personal in nature, it affirmatively appears that the right to sue upon such cause of action passed at the death of her husband to his administrator. *Brown* v. *Mutual Life Insurance Co.*, 146 *Ga.* 123 (90 S. E. 856); *Bond* v. *Maxwell*, 40 *Ga. App.* 679 (2) (150 S. E. 860). "A suit at law can not be maintained by legatees or distributees, to recover personal property, except through the legal representatives of the estate of the deceased." *Bailey* v. *Meyerhardt*, 157 *Ga.* 800 (122 S. E. 195). A different rule prevails as to suits to recover real estate, or to protect the rights of the heirs at law in such property. *Phillips* v. *Phillips*, 163 *Ga.* 899 (1, 7) (137 S. E. 561); *Weems* v. *Kidd*, 37 *Ga. App.* 8 (2) (138 S. E. 863).

5. The petition being thus fatally defective as failing to set forth a cause of action, the judgment in the plaintiff's favor entered theeron was properly set aside on motion of the defendant, duly filed; and under the facts of this case it does not appear that the court committed reversible error, after setting aside the judgment, in passing a further order dismissing the plaintiff's petition. Cf. 15 R. C. L. 685, § 137.

6. Although the court may have had no jurisdiction or authority to open the default after the trial term (*Avery* v. *Sorrell*, 157 *Ga.* 476, 121 S. E. 828), the fact that the defendant has failed to answer the suit and has suffered a default judgment to be entered against him will not affect his right to move to set aside the judgment upon the ground that the petition did not set forth a cause of action. It is unnecessary to pass upon other questions raised in the record.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED AUGUST 29, 1930.

*W. K. Miller, Starkey Flythe,* for plaintiff in error.
*Hamilton Phinizy, Paul T. Chance,* contra.