## 34698. McMILLEN *v.* WALKER.

DECIDED SEPTEMBER 18, 1953.

*Newell Edenfield, Tindall & Tindall,* for plaintiff in error.
*Ralph R. Quillian,* contra.

FELTON, J. Mrs. Jessie McMillen sued Mrs. J. Paul Walker to recover triple damages and attorneys' fees by reason of the failure of the defendant to file a proper registration statement on the premises rented by the defendant within the time required and the failure to refund to the plaintiff the difference between the amount fixed as a maximum rent subject to refund and the amount ultimately fixed as maximum rent. *It appeared on the face of the petition that the order of the Area Rent Director directing the refund was a retroactive order.* On the trial of that case the judge, trying the case without a jury, found against the defendant for triple damages and attorneys' fees. There was no demurrer to the petition in that case, nor was the sufficiency of the petition questioned in any other proper manner. The,

defendant moved for a new trial, which was denied, and she excepted. This court affirmed the denial of a new trial on the ground that a motion for new trial was not the proper method of attacking the sufficiency of the petition, which showed on its face that it did not set forth a cause of action under the rulings of this court in *Mitcham* v. *Patterson*, 82 *Ga. App.* 468 (61 S. E. 2d 517), and *Ivy* v. *Ferguson*, 82 *Ga. App.* 600 (62 S. E. 2d 191). For the decision of this court in the prior action, see *Walker* v. *McMillen*, 83 *Ga. App.* 257 (63 S. E. 2d 250).

The present action is one to set aside the judgment in the above case on the ground that the petition in that case did not set forth a cause of action. The trial judge set aside the judgment, and Mrs. McMillen excepted. This judgment was correct. Where a petition does not set forth a cause of action, and such question has not been previously raised in a proper manner by demurrer or otherwise, the defendant may raise the issue even after judgment by a motion to set aside the judgment. *Kelly* v. *Strouse & Bros. Co.*, 116 *Ga.* 872 (5a) (43 S. E. 280); *Jones* v. *Harris*, 151 *Ga.* 129 (3) (106 S. E. 555); *Tolbert* v. *Tolbert*, 41 *Ga. App.* 737 (154 S. E. 655).

In the former action Mrs. Walker alleged in her answer that the Area Rent Director was without authority to issue the alleged order and especially to undertake to make the same retroactive in effect. The plaintiff in that case demurred to this allegation on the grounds that the allegations constituted a collateral attack upon the order of the Area Rent Director, and that there were no allegations of fact to support the conclusion. Mrs. Walker excepted to the order sustaining this demurrer to paragraph 3 of the answer in the lower court and in this court. This court, for some unknown reason, failed to pass expressly on this exception, but did impliedly rule against the exception of Mrs. Walker. Mrs. McMillen now contends that the ruling on this demurrer fixes the law of the case to the effect that the answer of Mrs. Walker raised the question of the sufficiency of the petition, and that the petition was held to be good as against the point made. Under the circumstances, it will be presumed that this court in impliedly ruling that the demurrer aforesaid was properly sustained so ruled for the reason that the petition showed on its face that the order of the Area Rent Director was retro-

active, and that it is not permissible practice to raise issues of law in an answer to a petition where the defect appears on the face of the petition. Code (Ann.) § 81-303; *Jones* v. *McNealy,* 114 *Ga.* 393 (40 S. E. 248); *Mathis* v. *Fordham,* 114 *Ga.* 364 (40 S. E. 324); *Foster* v. *Phinizy,* 121 *Ga.* 673 (49 S. E. 865); *Avery & Co.* v. *Sorrell,* 157 *Ga.* 476 (121 S. E. 828); *Armstrong* v. *Merts,* 202 *Ga.* 483 (43 S. E. 2d 512). Anything in *Southern Cotton Oil Co.* v. *Raines,* 171 *Ga.* 154 (3d) (155 S. E. 484), to the contrary must yield to the older decisions. The ruling in the *Southern Cotton Oil Company* case is due to a misconception of the statement in *Kelly* v. *Strouse,* supra, to the effect that the rule that "all issues of law shall be raised by demurrer" is mandatory only as to demurrers which go to the form of a pleading which is otherwise good in substance. The judgment of the lower court in the former case, sustaining the aforesaid demurrer to the original answer was not error, regardless of the merits of the demurrer, for the reason above stated. As to the said ruling becoming the law of the case on the points raised by the demurrer, the situation is analogous to a case where a demurrer which was filed too late was overruled. In such a case this court has held that the ruling did not become the law of the case because this court would presume that the demurrer was overruled because of its belated filing. *Stembridge* v. *Family Finance Co.,* 49 *Ga. App.* 353 (2) (175 S. E. 663). The reasoning in that case applies to the situation in this case, where this court did not rule expressly on the exception to the sustaining of the demurrer to the original answer.

The court did not err in setting aside the judgment.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*