19693. HEARN *et al. v.* LEVERETTE.

ARGUED MAY 13, 1957—DECIDED JUNE 10, 1957.

*Whitman, Whitman & Whitman, R. C. Whitman, Jr., Milton F. Gardner,* for plaintiffs in error.

*D. D. Veal, Carl E. Westmoreland,* contra.

CANDLER, Justice. (After stating the foregoing facts). 1. For his right to prevail in this litigation, the plaintiff relied on his unbroken chain of recorded deeds which dates back to 1906. Code (Ann.) § 38-637, declares: "A prima facie case shall be made out in actions respecting title to land upon showing good record title for a period of 40 years, and it shall not be necessary under such circumstances to prove title to the original grant from the State." Hence, the plaintiff made out a prima facie case when he introduced in evidence his chain of title. But such title, like any other title to land, may be lost by the subsequent ripening of a prescriptive title thereto in another. *Danielly* v. *Lowe,* 161 *Ga.* 279 (130 S. E. 687). In Powell on Actions for Land (1946 ed.), 412, § 349, it is said: "When an adverse possessor has held for the requisite period and his prescriptive title ripens, it extinguishes all other inconsistent titles and itself becomes the true title."

2. The defendant contends that he has acquired a prescriptive title to the land in controversy which is superior to the title on which the plaintiff relied. As shown by our statement of the facts, Mrs. Annie Lou Wall, for a cash consideration of $1,200, conveyed the land in question to the defendant by a warranty deed which was duly recorded in Putnam County on May 18, 1948—more than seven years before this litigation was instituted on February 22, 1956. It is also his contention that he has had actual adverse possession of the land in good faith continuously since his deed was recorded. "Title by prescription is the right to property which a possessor acquires by reason of the continuance of his possession for a period of time fixed by the laws." Code § 85-401. Actual adverse possession of land, under written evidence of title, for seven years gives title by prescription, unless such written title is forged or fraudulent, and notice thereof is

brought home to the claimant before or at the time of the commencement of his possession. Code § 85-407. "Actual possession of lands is evidenced by enclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." Code § 85-403. Adverse possession to be the foundation of a prescription "must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted and peaceable, and be accompanied by a claim of right." Code § 85-402. And this court has several times held that an outstanding recorded title will not prevent the ripening of a title by prescription where the possessor enters in good faith under written evidence of title from another. *Wright* v. *Smith*, 43 *Ga.* 291; *Virgin* v. *Wingfield*, 54 *Ga.* 451; *Salter* v. *Salter*, 80 *Ga.* 178 (4 S. E. 391, 12 Am. St. R. 249); *Ware* v. *Barlow*, 81 *Ga.* 1 (6 S.E. 465). In actions for land where either party relies on a prescriptive title for his right to prevail, and the evidence demands a finding that such a title has ripened in him and thereby extinguished an inconsistent title to the land, the court is authorized to direct a verdict in his favor. Code § 110-104; *Roberson* v. *Downing Co.*, 126 *Ga.* 175 (54 S. E. 1020); *Blakey* v. *Bank of Richland*, 150 *Ga.* 782 (1) (105 S.E. 494); *Blalock* v. *Thomas*, 176 *Ga.* 407 (168 S.E. 13). In our statement of the facts we have set out the evidence introduced by the parties and it will not be repeated here. It is sufficient to say it demanded a finding that the defendant had acquired a good prescriptive title to the land in controversy as against the plaintiff before this litigation was instituted.

3. Since the defendant, at the close of the evidence, asked for a directed verdict in his favor and such a verdict was demanded by the evidence, the court erred in denying the defendant's motion for judgment notwithstanding the verdict returned by the jury in the plaintiff's favor. This ruling disposes of the case and it is therefore not necessary to deal with the grounds contained in the defendant's motion for new trial. When the remittitur from this court reaches the trial court, direction is

given that the verdict for the plaintiff be vacated and that a final judgment be entered in favor of the defendant.

*Judgment reversed with direction. All the Justices concur.*