### 37179. WASHBURN STORAGE COMPANY *v.* ELLIOTT *et al.*

DECIDED JULY 3, 1958—REHEARING DENIED JULY 31, 1958.

84

*Smith, Field, Doremus & Ringel, Sam F. Lowe, Jr.,* for plaintiff in error.

*Northcutt, Edwards & Johnston, W. S. Northcutt,* contra.

FELTON, Chief Judge. 1. The evidence demanded the finding that the defendant contracted to transport the property from New York to Atlanta, to store it temporarily and then to transport it to an apartment to be obtained by Mrs. Elliott in Atlanta. Since no questions are raised as to the value of the property, and since the evidence demanded a verdict of liability under the first count, the court did not err in denying the motion for new trial and the motion for judgment notwithstanding the verdict. This conclusion renders unnecessary the consideration of the questions raised by the special grounds of the amended motion

for new trial involving questions relating solely to the second count which are concerned with questions connected with the care exercised by the defendant as warehouseman and the question whether the court erred in submitting to the jury the question whether the contract alleged and proved rendered the defendant liable as carrier or as warehouseman.

That the original petitions and count 1 of the rewritten and amended petitions sought recovery for the defendant's breach of contract as a common carrier seems to us to be beyond question. The allegations showed that demand was made for the goods after they were stored in the warehouse and long before Mrs. Elliott planned to get an apartment in Atlanta. The plaintiff in error admits in its motion for a rehearing that the original rewritten petitions alleged that the property was destroyed by fire while in storage and that they were demurred to on the ground that the petition did not allege that the fire was caused by defendant's negligence and that, after the filing of this demurrer, the plaintiffs struck the allegations that the property was destroyed by fire while in storage. This is indicative of the plaintiffs' desire to avoid basing the first count on a breach of a duty as warehouseman, whether in contract or tort. Then, to seal the intention as to the first count the plaintiffs added a second count contending that under the alleged contract the defendant was liable as warehouseman while the first count indisputably showed that whatever happened to the goods happened while they were in storage. No general demurrer or motion to dismiss was filed either before or after the addition of the second count. It is not necessary for us to decide whether the first count set forth a cause of action for liability as a carrier or not. Assuming that it did not if the case was proved as alleged the plaintiffs were entitled to a verdict as against a motion for new trial or motion for judgment notwithstanding the verdict *on the ground that the evidence did not support the verdict.* Such an indirect method of attacking pleadings is not permissible. *Grice* v. *Grice,* 197 *Ga.* 686, 691 (30 S. E. 2d 183); *Crew* v. *Hutcheson,* 115 *Ga.* 511, 534, 42 S. E. 16). Under the act of 1953 (Ga. L. 1953, pp. 440-444; Code, Ann., § 110-113) and the act of 1957 (Ga. L. 1957, pp. 235, 236) the ground of a

motion for judgment notwithstanding the verdict is confined to the grounds of a previous motion for a directed verdict. Where the ground of a motion for a directed verdict is the same as the general grounds of a motion for new trial the principle being discussed is the same in each case. We can find no case specifically holding that defective pleadings can be attacked by a motion for a directed verdict. Assuming for the sake of argument, but emphatically not deciding, that a pleading may be attacked by such a method, no effort was made in this case to so attack the pleadings. We think that the case was proved as alleged and the evidence demanded the verdict that the defendant was liable as common carrier, in other words, as insurer of the goods, since there was no contention made that the destruction of or damage to the goods by fire was due an act of God or the public enemy.

On motion for a rehearing the plaintiff in error strongly relies on *Francis* v. *Wood,* 75 *Ga.* 648, 652, as an exception to the rule that a defect in pleading cannot be excepted to by a motion for new trial. However, in that case the reason the court gave for its conclusion does not state an exception to the rule. The court ruled in that case that the court *did not have jurisdiction* to try the fourth and insufficient count. The Supreme Court in *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280) distinguished the case and adhered to the principle above laid down. In no other case can we find where the rule stated does not apply except in a one-count petition. The same penalty obtains when a four-count petition goes undemurred to as when a one-count petition is undemurred to. Each count is a separate petition and there is no legal or logical method known to distinguish between a one-count petition and a multiple-count petition. *Grice* v. *Grice,* 197 *Ga.* 686, supra, was a three-count petition, and the rule was applied despite that fact, and the rule in *Francis* v. *Wood,* supra, was not followed.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*