37467. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY *v.* BRACKIN, by Next Friend.

DECIDED JANUARY 28, 1959—REHEARING DENIED
FEBRUARY 9, 1959.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Jack Paul Etheridge, Welborn B. Cody,* for plaintiff in error.

*Lewis & Lewis, T. J. Lewis, Jr., Robt. M. McCartney,* contra.

FELTON, Chief Judge. 1. The petition sought recovery of damages on the theory that the wire left on the premises was an

attractive nuisance. After material amendments to the petition, the original demurrers were not renewed nor an additional demurrer filed. In such a case the petition insofar as questions as to its sufficiency are concerned stands as one not demurred to. *Cain* v. *Phillips*, 211 *Ga.* 806 (89 S. E. 2d 163). It follows that if the evidence would authorize the jury to find that the case was proved as laid the plaintiff was entitled to a verdict as against a motion for a directed verdict on the grounds that the verdict and judgment were contrary to the evidence and without any evidence to support them and as against a motion for a judgment notwithstanding the verdict based on the grounds of the motion for a directed verdict. *Washburn Storage Co.* v. *Elliott*, 98 *Ga. App.* 81 (104 S. E. 2d 697).

2. We think that the jury was authorized to find that the case was proved as laid. The plaintiff in error contends that the case was not proved as laid and we shall endeavor to demonstrate that the contention is without substantial merit.

The plaintiff in error contends that there was no evidence to show that the wire was left on the premises of the minor's father for the reason that the minor testified that he "took it in the yard and started to play with it." The evidence contained photographs which are not a part of the record and it is possible that the testimony in the case together with the photographs could have shown that the wire was picked up on the premises of the child's father. The plaintiff also contends that the evidence did not authorize the finding that the telephone company employees were the ones who left the wire on the premises because the Georgia Power Company and employees of a grading contractor, both of whom were working on both sides of the street, might have left the wire, and they contend that the evidence shows that there was a great deal of other debris, including barbed wire and other kinds of scrap, left in the vacant lot adjoining that of the plaintiff's father. The evidence authorized the finding that the telephone company's employees left the wire on the premises involved because the evidence shows that the other employees of other parties were not working close to or on the premises of the plaintiff's father. The fact that there was debris on the adjoining lot which did not include the kind of wire

involved in this case does not exclude the idea that the telephone company employees left the wire on the premises involved. The plaintiff in error contends that the wire in question when cut with sharp wire cutters would not leave a dangerous and sharp edge. There was some testimony in the case that such a cutting might leave a sharp edge and in addition to this fact the jury had in its possession a piece of wire at least similar to the one by which the child was hurt and might have ascertained that the end of such a wire was capable of inflicting the injuries whether the end of the wire was sharp or not. Furthermore, the evidence of the telephone company relating to the sharp edge on the wire related to only one end of the wire. The plaintiff in error contends that there was no evidence that the wire was curved in a coil for the reason that the minor testified that it was not rolled up in a roll. However, the child testified that there was a loop in the wire. It is true that the child also testified that he did not know whether the wire introduced in evidence was the wire which hurt him. However, he testified that the wire which hurt him was similar to the one introduced in evidence without objection. There was testimony from the telephone company employees that the work at this place was completed on May 7, 1955, but there was evidence to the contrary. The evidence showed that the wire in question was similar to that used by the employees of the telephone company.

Without going into detail, it seems to us clear that the evidence authorized the finding that the wire introduced in evidence or a similar wire was negligently left on the premises, and in general that the case was proved as laid in the petition. It was, therefore, accordingly not error for the court to deny the motion of the telephone company for a judgment notwithstanding the verdict.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*