20445. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY *v.* BRACKIN, by Next Friend.

HAWKINS, Justice. This case comes to this court on certiorari

to the Court of Appeals, that court having held that, where there are material amendments to the plaintiff's petition and the original demurrers are not renewed, nor an additional demurrer filed, the petition stands as one not demurred to; and since the jury was authorized to find from the evidence that the plaintiff had proved his case as laid, the plaintiff was entitled to a verdict as against a motion by the defendant for a directed verdict; and that the trial court did not err in overruling the defendant's motion for a judgment notwithstanding the verdict. The applicant for certiorari contends that the ruling thus made by the Court of Appeals substantially destroys the purpose and intent of Code (Ann.) § 110-113, providing for a motion for a judgment notwithstanding the verdict. *Held:*

1. Since the question here presented is one dealing with the Rules of Practice and Procedure of frequent application, it presents a question of gravity and importance, and the motion to dismiss the application for certiorari is denied.

2. The motion for a judgment notwithstanding the verdict recites that, at the conclusion of the introduction of all evidence in said case, the defendant, through its counsel, moved for a directed verdict in its behalf, which motion was denied, and that, after a verdict was rendered by the jury in favor of the plaintiff and a judgment entered thereon, "The defendant now moves the court for judgment in its behalf (in accordance with its motion for a directed verdict hereinbefore referred to) notwithstanding the previous verdict of the jury and judgment of the court, and as grounds thereof alleges that the verdict and judgment against it as hereinbefore referred to are contrary to law, contrary to the evidence and without any evidence to support them." The Court of Appeals properly held that, since the demurrers were not renewed to the petition as amended, and no new demurrer was interposed thereto after material amendment, the petition would be treated as not demurred to, but erred in holding that, since the case was proved as laid by the plaintiff in his petition, the trial court did not err in denying the motion for a judgment notwithstanding the verdict. In *Kelly* v. *Strouse,* 116 *Ga.* 872, 901 (43 S. E. 280), the trial court ruled that, no demurrer having been filed, and the plaintiffs having proved their case as laid, they were entitled to a verdict, and so directed. That judgment was reversed, this court holding that, "Under any

view of the case, the petition set forth no cause of action, the plaintiffs under the law were not entitled to recover, and 'the court committed error in directing a verdict for the plaintiffs under the pleadings in the case and the evidence submitted to the jury.' " It was there said that proving a case as laid will not authorize a recovery unless the case as laid so authorizes; that mere proof of a fact will not in law authorize a recovery unless the existence of such fact so authorizes, and that a failure to demur does not confess a cause of action either in law or in fact. To the same effect, see *O'Connor* v. *Brucker*, 117 *Ga.* 451 (43 S. E. 731); *Goff* v. *First Nat. Bank of Tifton*, 170 *Ga.* 691 (153 S. E. 767); *Blount* v. *Metropolitan Life Ins. Co.*, 192 *Ga.* 325 (15 S. E. 2d 413); *Tolbert* v. *Tolbert*, 41 *Ga. App.* 737 (154 S. E. 655); *McMillen* v. *Walker*, 88 *Ga. App.* 715 (77 S. E. 2d 557). While in the cases cited, all decided prior to the passage of the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 440; Code, Ann., § 110-113), the method of attacking a judgment after verdict, based upon a petition which failed to state a cause of action, where the question had not been previously raised in a proper manner, was said to be by motion to set aside the judgment, this would result only in setting aside the judgment, which would permit another trial, and the purpose of the adoption of this rule by this court and the approval thereof by the General Assembly, providing for a motion for a judgment notwithstanding the verdict, was to provide for a final disposition of the case by the appellate court where the evidence is insufficient to justify the verdict rendered on any theory, or where a judgment for the losing party in the trial court is demanded by the law. *Hearn* v. *Leverette*, 213 *Ga.* 286 (99 S. E. 2d 147); *Minor* v. *Fincher*, 213 *Ga.* 365 (99 S. E. 2d 78).

3. We think that the Court of Appeals properly construed the plaintiff's petition as being based upon "the attractive nuisance doctrine," and so construed, it failed to state a cause of action, and the evidence in support thereof failed to authorize a recovery by the plaintiff, even though he proved his case as laid. The plaintiff testified that, when he found the piece of wire he "took it in the yard and started to play with it. I bent it, and I let go, and it came up and hit me in the eye," inflicting the injury and damage sued for. The doctrine underlying the "attractive nuisance" or "turntable" cases ap-

plies only where the instrument involved is within itself inherently dangerous, as well as attractive, to the finder, such as weapons, explosives, turntables, or objects of that type, which are not commonplace, and are within themselves inherently dangerous. It would be extending the doctrine entirely too far to apply it to such commonplace objects as a piece of wire, a pencil, a writing pen, a knife, coat hanger, piece of rope, broken bottle, a plumber's wrench, a carpenter's hammer, saw, or screwdriver, a bicycle, or velocipede, all objects so commonplace as to be found around anyone's house or yard or where any construction work is being performed, but not dangerous in themselves, although they might be attractive to children, and capable of inflicting injury if improperly or carelessly used. See, in this connection, *Savannah, Florida &c. Ry. Co. v. Beavers*, 113 *Ga.* 398 (39 S. E. 82, 54 L. R. A. 314); *O'Connor v. Brucker*, 117 *Ga.* 451 (4), supra; *Southern Cotton Oil Co. v. Pierce*, 145 *Ga.* 130 (88 S. E. 672); *Atlantic Coast Line R. Co. v. Corbett*, 150 *Ga.* 747 (105 S. E. 358); *Manos v. Myers-Miller Furniture Co.*, 32 *Ga. App.* 644 (124 S. E. 357); *Macon, Dublin &c. R. Co. v. Jordan*, 34 *Ga. App.* 350 (129 S. E. 443); *Roach v. Dozier*, 97 *Ga. App.* 568 (103 S. E. 2d 691).

4. Applying the foregoing authorities to the instant case, the facts of which are stated in the opinion of the Court of Appeals (*Southern Bell Telephone & Telegraph Co. v. Brackin*, 99 *Ga. App.* 77, 107 S. E. 2d 864), that court erred in affirming the judgment of the trial court denying the motion for a judgment notwithstanding the verdict. Anything held in *Washburn Storage Co. v. Elliott*, 98 *Ga. App.* 81 (104 S. E. 2d 697), contrary to what is here ruled is hereby disapproved.

*Judgment reversed. All the Justices concur, except Wyatt, P.J., disqualified.*

ARGUED JUNE 9, 1959—DECIDED JULY 8, 1959—REHEARING DENIED JULY 23, 1959.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Welborn B. Cody, Jack P. Etheridge,* for plaintiff in error.

*Lewis & Lewis,* contra.

*Bryan, Carter, Ansley & Smith,* for party at interest not party to record.

ON MOTION FOR REHEARING.

In the motion for rehearing counsel for the defendant in error insist that the ruling made in division 2 of the opinion is in conflict with the decision of this court in *Phillips* v. *Southern Ry. Co.*, 112 *Ga.* 197 (37 S. E. 418). With this contention we do not agree. Counsel have evidently overlooked the material difference in the assignments of error in the two cases. In the *Phillips* case, the exception to the direction of a verdict for the defendant was in the following language: "plaintiff excepted to said ruling of the court, and now excepts and assigns the same as error." This court there held that, under such an assignment, the only question raised was whether the evidence demanded the verdict directed, and that the question of whether the plaintiff was entitled to recover "as matter of law" was not involved, and "therefore this question is neither considered nor discussed by this court." In the instant case, the motion for a judgment notwithstanding the verdict alleged that the verdict and judgment in favor of the plaintiff were "contrary to law, contrary to the evidence, and without any evidence to support them." To the judgment denying this motion the defendant excepts and assigns error thereon "as being contrary to law," thus raising the question as to whether the plaintiff was, *as a matter of law*, entitled to recover.

*Motion for rehearing denied.*