21229. KICKLIGHTER v. KICKLIGHTER.

ARGUED MAY 8, 1961—DECIDED JUNE 8, 1961—
REHEARING DENIED JULY 6, 1961.

*Luhr G. C. Beckmann, Hitch, Miller & Beckmann, Ralph L. Dawson, R. L. Carr,* for plaintiff in error.

*Cohen Anderson, Bruce D. Dubberly, Max Cheney, Oliver, Davis & Maner,* contra.

MOBLEY, Justice. ■ This court, in the recent decision of *Southern Bell Tel. & Tel. Co. v. Brackin,* 215 Ga. 225 (109 SE2d 782), stated: "It was there said [*Kelly v. Strouse,* 116 Ga. 872, 901, 43 SE 280] that proving a case as laid will not authorize a recovery unless the case as laid so authorizes; that mere proof of a fact will not in law authorize a recovery unless the existence of such fact so authorizes, and that a failure to demur does not confess a cause of action either in law or in fact. To the same effect, see *O'Connor v. Brucker,* 117 Ga. 451 (43 SE 731); *Goff v. First Nat. Bank of Tifton,* 170 Ga. 691 (153 SE 767); *Blount v. Metropolitan Life Ins. Co.,* 192 Ga. 325 (15 SE2d 413); *Tolbert v. Tolbert,* 41 Ga. App. 737 (154 SE 655); *McMillen v. Walker,* 88 Ga. App. 715 (77 SE2d 557). While in the cases cited, all decided prior to the passage of the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 440; *Code Ann.* § 110-113), the method of attacking a judgment after verdict, based upon a petition which failed to state a cause of action, where the ques-

tion had not been previously raised in a proper manner, was said to be by motion to set aside the judgment, this would result only in setting aside the judgment, which would permit another trial, and the purpose of the adoption of this rule by this court and the approval thereof by the General Assembly, providing for a motion for a judgment notwithstanding the verdict, was to provide for a final disposition of the case by the appellate court where the evidence is insufficient to justify the verdict rendered on any theory, or where a judgment for the losing party in the trial court is demanded by the law. *Hearn v. Leverette,* 213 Ga. 286 (99 SE2d 147); *Minor v. Fincher,* 213 Ga. 365 (99 SE2d 78)."

Applying that ruling here, the plaintiff in error properly raised, by his motion for judgment notwithstanding the verdict, the question of whether the evidence is sufficient to justify the verdict on any theory, and whether a judgment for the plaintiff in error is demanded by the law on either count.

■ A domestic judgment cannot be collaterally attacked unless its invalidity appears on the face of the record. *Thomas v. Lambert,* 187 Ga. 616 (1 SE2d 443); *Owenby v. Stancil,* 190 Ga. 50 (6), 58 (8 SE2d 7); *Martocello v. Martocello,* 197 Ga. 629, 631 (30 SE2d 108). Doris B. Kicklighter, who was not a party to the divorce proceeding between Jack L. Kicklighter and Vicky Kicklighter, nor in privity with either of the parties thereto, has no legal standing to attack the divorce decree which was perfectly valid on its face. This court, in a unanimous opinion in *Thomas v. Lambert,* supra, a case which is on all fours with the one under consideration, where the heirs of the deceased second husband sought a decree declaring that they were entitled to his estate and to appointment of an administrator to the exclusion of his widow; that the widow be enjoined from interfering with the estate, and that the divorce decree of the widow from a previous husband be declared null and void, on the ground that her first husband was not a resident of the county in which the prior proceeding was filed, held that the heirs of the second deceased husband were strangers to the divorce decree, and were not entitled in the equity suit, even though brought in the court rendering the decree, to attack the

decree as void, where no invalidity appeared on the face of the proceedings in which it had been rendered. That case is controlling as to the first count, and the trial judge should have sustained the motion for judgment notwithstanding the verdict as to that count.

■ Plaintiff contends in count 2 that defendant, Jack L. Kicklighter, had an undissolved common-law marriage to Julie R. Davis, and was therefore unable to contract marriage with Tollie D. Beasly.

The only evidence offered to show a common-law marriage with Julie R. Davis was testimony of the defendant, Jack L. Kicklighter, and a copy of an application for driver's license issued to Jack L. Kicklighter on July 7, 1955, by the State of Nevada, in which, in answer to the question "are you married? If so, give name of husband or wife"—he stated "Yes, Julie Davis Kicklighter." The testimony of defendant, Kicklighter, taken most strongly against him and most favorably to plaintiff is that he lived with Julie R. Davis in a furnished apartment in Reno, Nevada, for about two weeks in July of 1955; that he introduced Julie R. Davis to the landlady as his wife, and that he bought and furnished the groceries for them while they stayed together in the apartment. The uncontradicted evidence is that in July of 1955, during the time Kicklighter testified he stayed with Julie R. Davis in Reno and at the time on July 7, 1955, when he stated on his application for driver's license that he was married to Julie R. Davis, Jack L. Kicklighter was married to one Ruth C. Kicklighter and was not divorced from her until September 26, 1955. There is no evidence that Jack L. Kicklighter lived with Julie R. Davis after his divorce from Ruth C. Kicklighter on September 26, 1955; therefore the rule stated in *Addison v. Addison*, 186 Ga. 155 (1) (197 SE 232)—"While it is the rule that cohabitation, illicit in its inception, will be presumed to have so continued throughout the period of cohabitation, yet if, after the disability of the parties has been removed by lapse of time or otherwise, the cohabitation is continued, and the parties thereafter hold themselves out as man and wife, if the original illegal cohabitation was had in the absence of an attempted ceremonial marriage, a new and valid agreement

of marriage will be presumed to have been entered upon, in the absence of anything appearing to the contrary"—is not applicable here. A party with a previous undissolved marriage is not able to contract marriage. *Code Ann.* § 53-102(1). Consequently, under the law and the undisputed testimony, Jack L. Kicklighter did not have the legal capacity to contract marriage, common-law or otherwise, with Julie R. Davis in July of 1955.

As to count 2, the evidence demanded a finding by·the jury that Jack L. Kicklighter did not have an undissolved common-law marriage to Julie R. Davis at the time of his marriage to Tollie D. Beasly.

Accordingly, the trial court erred in denying the motion for a judgment notwithstanding the verdict as to count 2.

■ In view of the foregoing, the trial court erred in denying the motion of the plaintiff in error for a judgment notwithstanding the verdict.

*Judgment reversed with direction that the judgment be entered in accordance with the motion. All the Justices concur.*