## 26020. STEPHENS et al. v. COGDELL.

HAWES, Justice. L. C. Cogdell, Jr., filed in the Superior Court of Wayne County a petition to register land under the provisions of Title 60 of the Code. Service was had on all defendants named in the petition who could be found. An answer denominated a "Response of Heirs" was filed, no person being named therein as a party, though the same was verified by "Ruthie M. Stephens." Thereafter, the court appointed a special examiner who proceeded to file his preliminary report as required by *Code* § 60-302. The matter was set down for a hearing before the special examiner and after hearing evidence he filed his final report finding in effect that title to the property in question was in the petitioner, subject to specified liens and encumbrances set forth in the report. Ruthie Stephens and Cassie Strickland denominated as "interested parties in the foregoing case" filed their exceptions to the final report of the examiner. The trial court dismissed the exceptions on the ground that they did not raise any question of fact to be determined by a jury, sustained the examiner's report and rendered a final decree decreeing title to be in L. C. Cogdell, Jr. The appeal here is from the judgment dismissing the appellants' exceptions to the examiner's final report and from the final judgment.

The petitioner relied upon prescription to establish his title. Involved are three contiguous lots each 50 feet in width and 200 feet in depth, fronting on the northwesterly side of Third Street in the City of Jesup. The southwest corner of the 150' x 200' tract thus sought to be registered is shown by the plat attached as an exhibit to the petition to be located on the northwesterly side of Third Street a distance of 370 feet northeasterly from the northernmost corner of the intersection of Third Street with Pine Street. The appellants here, who were, of course, the respondents in the trial court, contend that the trial court erred in dismissing their exceptions to the report of the special examiner because there were issues of fact to be submitted to a jury, and in that connection they insist before this court merely that "the evidence adduced by the applicant in this case is insufficient to show prescriptive title to the 50' x 200' lot of land in

the very middle of the tract outlined" on the plat attached as an exhibit to the petition. However, the evidence shows without dispute that a warranty deed was executed on November 23, 1959, granting to the applicant a tract "fronting 100 feet on Third Street and running back at right angles in a northwesterly direction a distance of 200 feet, the most southern corner of said lot being located 370 feet northeast, as measured along the northwestern edge of Third Street, from the most northern corner of the intersection of Third Street and Pine Street." This deed appears to have been duly recorded on December 3, 1959. It necessarily included the center lot of the three sought to be registered. The respondent's own evidence as embodied in the testimony of Ruthie Stephens and other witnesses introduced on her behalf affirmatively shows that the grantor of that deed held actual, open, notorious, adverse possession of the tract of land in dispute prior to the date of the aforesaid deed, and that several years prior to the date of that deed, members of her family whom she claims to be heirs with her of Charlie Monroe, upon whose alleged ownership they base their claim, sought to dispute with said grantor as to his right of possession of the tract, failed to persuade him to voluntarily relinquish his possession and did nothing further about it. No contention is made by respondents that any fraud was involved in the execution and delivery of the deed, or that the deed upon which the applicant relied to establish color of title in himself was a forgery, nor do they deny applicant's testimony that he held actual, open, notorious and exclusive possession of the tract embraced therein since receiving the deed. There was no evidence that those under whom appellants claim or that appellants themselves had ever had any kind of possession of the land in dispute nor was there any evidence that paper title to such land was ever in appellant's ancestor. Under all the facts of this case, the undisputed evidence shows more than seven years open, adverse, notorious possession of the premises in dispute by the applicant under color of title, and these facts being undisputed by any legal evidence, the judgment appealed from was demanded and the trial court did not err in dismissing the exceptions to the special examiner's report and in

decreeing title in the petitioner. *Code* § 85-407; *Hearn v. Leverette,* 213 Ga. 286, 288 (99 SE2d 147).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1970—DECIDED JANUARY 7, 1971.

*Albert E. Butler,* for appellants.

*Zorn & Royal, William A. Zorn,* for appellee.