## A11A0912. VILLAS AT STONE MOUNTAIN CONDOMINIUM ASSOCIATION, INC. v. BLAIR.

(716 SE2d 718)

MCFADDEN, Judge.

Villas at Stone Mountain Condominium Association, Inc. appeals the grant of summary judgment to Pauline Blair in the association's action to recover condominium assessments. The association argues that Blair became the condominium owner upon the death of her mother and that she is therefore obligated to pay the assessments that came due between the time of her mother's death and the condominium's subsequent sale at foreclosure. Although Blair never lived in the condominium, never rented it out, and never derived any other financial benefit from it, the unambiguous language of Georgia's Probate Code and Condominium Act, when read together, entitles the association to the relief it claims. We therefore reverse the trial court's grant of summary judgment to Blair.

Blair's mother was the owner of a condominium unit when she died intestate on November 21, 2008. Blair never resided in the condominium, either before or after her mother's death. She never received any financial benefit from the condominium. She never claimed ownership of the condominium.

After the mother's death, the condominium was sold at foreclosure. A deed under power was recorded on March 29, 2010. In the meantime, the condominium association filed this action against Blair and her sister, Patsy McDonald, seeking past due monthly condominium assessments and late fees for the condominium. Blair

answered the complaint and filed a counterclaim for her attorney fees. The condominium association filed a motion for partial summary judgment on the issue of liability as well as on Blair's counterclaim. Blair also filed a motion for summary judgment. The trial court granted summary judgment to Blair on the issue of liability for the condominium assessments and to the condominium association on the counterclaim for attorney fees. The association now appeals, asserting that the trial court erred in granting summary judgment to Blair and denying its motion for partial summary judgment as to liability.

This case involves two statutes, OCGA § 53-2-7 (a) of the Probate Code and OCGA § 44-3-109 (a) of the Georgia Condominium Act, which appear not to have previously been construed together. The Probate Code, at OCGA § 53-2-7 (a), provides:

> Upon the death of an intestate decedent who is the owner of any interest in real property, the title to any such interest which survives the intestate decedent shall vest immediately in the decedent's heirs at law, subject to divestment by the appointment of an administrator of the estate.

As no estate administrator was appointed, the heirs were not divested of title under OCGA § 53-2-7 (a). "Heirs," as defined at OCGA § 53-1-2 (9), are "those one or more individuals who survive the decedent and are determined under the rules of inheritance to take the property of the decedent that is not disposed of by will." Consequently, Blair and her sister were their mother's heirs and their mother's interest in her condominium vested immediately in them upon their mother's death.

The Georgia Condominium Act, at OCGA § 44-3-109 (a) (2), provides:

> All sums lawfully assessed by the association against any unit owner ... shall, from the time the same become due and payable, be the personal obligation of the unit owner and constitute a lien in favor of the association on the condominium unit prior and superior to all other liens whatsoever except ... [t]he lien of any first priority mortgage covering the unit and the lien of any mortgage recorded prior to the recording of the declaration.

OCGA § 44-3-71 (29) defines "unit owner" as "one or more persons ... who own a condominium. ..." Under these various statutes, Blair, as her mother's heir, was immediately vested with her moth-

er's title to the condominium unit, became a unit owner, and the condominium assessments became her personal obligation. Blair could have renounced her interest in the condominium. OCGA § 53-1-20. But that right is delineated by statute, and it expired nine months after her mother's death. See OCGA § 53-1-20 (d).

Blair argues that she cannot be held liable for assessments on the condominium because she never acquired an interest in the condominium due to foreclosure. This argument is contrary to the plain language of OCGA § 53-2-7 (a), which provides that title vested immediately. Blair's mother died on November 21, 2008, and the mortgage holder did not foreclose until February 2, 2010. It is the fees accrued during this period that the association seeks to recover.

Blair argues that she cannot be held liable for the assessments since she received no benefit from the condominium. She cites no legal authority in support of that argument. It is founded on policy considerations which are the province of the General Assembly.

Citing OCGA § 44-3-109 (a), she contends that the foreclosure extinguished the lien. The language of the statute does not concern the extinguishment of liens, however. And, in any event, under the statute, the assessments not only constituted a lien but also were "the personal obligation of the unit owner."

Blair argues that the association cannot recover a judgment against her for her mother's indebtedness. She cites in support *Goff v. Nat. Bank of Tifton*, 170 Ga. 691 (153 SE 767) (1930) ("A creditor of an intestate decedent can not recover judgment against the heirs at law of the intestate upon an indebtedness by note of the intestate to such creditor. . . ."). But the association is not seeking judgment for Blair's mother's indebtedness. Rather, it is seeking judgment for the assessments incurred during the period between the mother's death and the foreclosure sale, a period in which the mother's heirs-at-law were vested with the mother's title and thus were the unit owners under OCGA § 44-3-71 (29). Accordingly, the trial court erred in granting summary judgment to Blair on the issue of liability and denying the association's motion for partial summary judgment.

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED AUGUST 22, 2011 —
RECONSIDERATION DENIED SEPTEMBER 20, 2011 —

*Lipshutz & Greenblatt, Randall M. Lipshutz, Jacob R. Davis*, for appellant.

*James W. Howard, Sharon E. Howard*, for appellee.